DANIEL KIEHN *et al.*, Plaintiffs-Appellants, v. RUTH B. LOVE *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 85—1039

Opinion filed May 7, 1986.

Edward M. Burke and Sidney Z. Karasik, both of Chicago, for appellants.

Patricia J. Whitten and Karen Gatsis Anderson, both of Chicago, for appellee Chicago Board of Education.

Kirkland & Ellis, of Chicago (Donald J. Duffy and Mindy Block Gordon, of counsel), for other appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs Daniel and Judith Kiehn filed a taxpayer suit to recover money lost when defendants, the Chicago Board of Education,

Superintendent Ruth B. Love, and Health Care Services Corporation (Blue Cross), allegedly participated in or permitted the operation of an illegal kickback scheme involving health claims. Thereafter, the board filed its own suit against Blue Cross, and two additional taxpayer suits were also filed, all involving substantially the same allegations and requests for relief. Upon the board's motion the actions by plaintiffs in the present case were dismissed under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(3)) due to the existence of the other pending actions. Plaintiffs appeal, seeking to have their suit consolidated with the board's suit.

Plaintiffs' complaint, filed October 31, 1983, alleged that Blue Cross administered the board's employee-health-care program and processed all claims. The board agreed to pay Blue Cross a certain percentage of the amount paid to medical providers in return for Blue Cross's administrative services. The complaint charged that Blue Cross conspired with various hospitals and medical providers for "secret rebates, commissions and kickbacks." The complaint alleged that the medical providers inflated their charges. The amounts exceeding appropriate costs were then kept by Blue Cross. The complaint also charged that the board and its superintendent, Ruth B. Love, were actually or constructively aware of the scheme but refused to take remedial action. The complaint also recited that the illegal rebates resulted in the board's payment of additional funds to Blue Cross under the percentage payment agreement, and that these extra payments were financed from city tax revenues, thus constituting a fraud upon the taxpayers of the city of Chicago.

Defendants filed motions to dismiss on the grounds that the board had filed its own action against Blue Cross on November 29, 1983; plaintiffs had no standing to sue because they had failed to make the required demand on the board; and no cause of action was stated against defendants Love and the board. In response, plaintiffs requested that their suit be consolidated with the board's suit to allow them to act as monitors and assure that the public interest was fully represented. Blue Cross's reply memorandum in support of its motion to dismiss, filed February 15, 1985, also presented the argument that plaintiffs lacked standing because they failed to allege that they were board taxpayers. On March 21, 1985, the trial court denied plaintiffs' motion to consolidate in lieu of dismissal. The court granted defendants' motion to dismiss on the basis that the board had brought its own action which was also pending in the trial court.

Under section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619 (a)(3)), a defendant may seek

dismissal on the ground that "there is another action pending between the same parties for the same cause." The parties and issues need only be substantially the same. (*Catalano v. Aetna Casualty & Surety Co.* (1982), 105 Ill. App. 3d 195, 434 N.E.2d 31; *Baker v. Salomon* (1975), 31 Ill. App. 3d 278, 334 N.E.2d 313.) Here, plaintiffs concede that their action and the board's suit consist of substantially identical issues and seek the same relief. Plaintiffs contend, however, that their case should be consolidated with the board's suit in order to permit them to monitor the case. Plaintiffs present themselves as "fit champions of the public interest" partially because they were first to file an action concerning this matter.

■ A taxpayer alleging that a defendant schemed to defraud a tax-supported public entity of considerable funds may sue the defendant when the public entity neglects or refuses to do so, because the fraud is considered tantamount to a waste of public funds. (*City of Chicago ex rel. Konstantelos v. Duncan Traffic Equipment Co.* (1983), 95 Ill. 2d 344, 447 N.E.2d 789.) A precondition of all taxpayer suits, however, is that the taxpayer demand that the public entity attempt to recover the funds itself. This precondition is excused when the taxpayer can allege facts establishing the futility of such a demand. (*Metropolitan Sanitary District of Greater Chicago ex rel. O'Keeffe v. Ingram Corp.* (1981), 85 Ill. 2d 458, 426 N.E.2d 860.) Additionally, if the public entity subsequently brings its own suit to recover the money, that action may be jointly litigated with the taxpayer's suit. The taxpayer's suit will not be dismissed under the Code when there are grounds to believe that the public entity is inadequately protecting the public interest in the matter. (See 85 Ill. 2d 458, 426 N.E.2d 860 (taxpayer suit not dismissed because demand on public entity to recover money would have been futile since evidence showed public entity was inadequately protecting public interest when it failed to intervene in taxpayer's suit for two years, and instead merely asked taxpayer to keep it informed of suit's status); *City of Chicago ex rel. Konstantelos v. Duncan Traffic Equipment Co.* (1981), 102 Ill. App. 3d 304, 429 N.E.2d 1223, *aff'd* (1983), 95 Ill. 2d 344, 447 N.E.2d 789 (taxpayer suit improperly dismissed because demand on city to recover money would have been futile where evidence showed city was inadequately protecting public interest when, with minimal discovery and only 21 days after the taxpayer's suit was dismissed, city entered into a $5,000 settlement with defendants, who allegedly had failed to perform $270,681 worth of work for the city).) Additionally, in deciding whether a suit should be dismissed under section 2—619(a)(3), the order or times in which the

various suits were filed is usually not determinative. (*People ex rel. Department of Public Aid v. Santos* (1982), 92 Ill. 2d 120, 440 N.E.2d 876; *A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23.) The exception occurs when the public entity's late filing indicates inadequate protection of the public interest. See *Metropolitan Sanitary District of Greater Chicago ex rel O'Keeffe v. Ingram Corp.* (1981), 85 Ill. 2d 458, 482-83, 426 N.E.2d 860.

■ In the present case, plaintiffs made no demand on the board to recover the money. Because the board filed its own suit only weeks after the present suit was filed, it appears that a demand would not have been futile. Moreover, unlike in *O'Keeffe* and *Duncan*, nothing in this record indicates that the public interest is not being adequately protected by the board's own suit. The board filed its action shortly after plaintiffs filed this action (unlike in *O'Keeffe*), and the board has not made any unreasonable settlements with defendants (unlike in *Duncan*). The fact that plaintiffs filed their suit prior to the Board's and the other taxpayers' suits is not determinative of this issue because, again, nothing suggests that the board acted in such a way that it inadequately protected the public interest. We conclude that the trial court properly dismissed plaintiffs' suit and denied the request to consolidate the cases. The public interest is fully represented in the pending suits.

In view of that determination, it is unnecessary to consider the other reasons offered by defendants in support of the order of dismissal.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P.J., and McGILLICUDDY, J., concur.