ZURICH INSURANCE COMPANY, Plaintiff, v. RAYMARK INDUSTRIES, INC., *et al.*, Defendants (Northbrook Excess and Surplus Insurance Company, Intervening Plaintiff-Appellee; International Insurance Company, Third-Party Defendant-Appellant; Aetna Casualty and Surety Company *et al.*, Third-Party Defendants).

First District (1st Division)   No. 1—90—1917

Opinion filed May 6, 1991.

Purcell & Wardrope, Chartered, of Chicago (Sandra Young and Robert L. Bartolone, of counsel), for appellant.

Dowd & Dowd, Ltd., of Chicago (Michael E. Dowd, Nancy J. Gleason, and Philip J. McGurie, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises from Allstate Insurance Company's (Allstate's) March 22, 1989, motion to recover the sum of $2,605,727.25 it expended to pay a judgment against Raymark Industries, Inc. (Raymark). Allstate sought reimbursement from International Insurance Company (International) and Aetna Casualty & Surety Company (Aetna). An involuntary bankruptcy petition was filed on February 10, 1989, against Raymark. International moved to stay Allstate's reimbursement proceedings until the closure or dismissal of the bankruptcy pending against Raymark. International now appeals from an order of the circuit court of Cook County, granting International's motion to stay with respect to Raymark, but denying it with respect to International.

This case began in 1978 as a declaratory judgment action by Zurich Insurance Company, one of Raymark's primary insurers, against Raymark and its other primary insurers to determine how insurers' policies applied to the numerous asbestos-related bodily injury claims then pending against Raymark. Allstate's predecessor in interest, Northbrook Excess and Surplus Insurance Company (Northbrook), was an excess insurer and, therefore, allowed to intervene as a plaintiff. Thereafter, Raymark interpleaded other excess insurers, includ-

ing International, into the case as third-party defendants. Most insurers admitted to owing Raymark coverage for the claims but disagreed on the allocation of coverage. Prior to the Illinois Supreme Court's decision determining the manner in which insurance coverage would be provided on the numerous claims (*Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23, 514 N.E.2d 150), the circuit court, beginning in 1984, entered a series of interim funding orders. Generally, these orders allocated defense and indemnity obligations among the insurers. After the Illinois Supreme Court's decision, the interim funding orders reflected the coverage formula which the court's decision mandated.

Allstate's predecessor in interest, Northbrook, issued seven policies to Raymark with applicable limits totaling $123 million covering the period of 1976 through 1982. Northbrook made payments pursuant to the interim funding orders which exhausted these limits. In 1985, however, before these limits were exhausted, Allstate facilitated Raymark's appeal of a $2 million plus judgment against it by obtaining a supersedeas bond which California law requires in order to appeal a lower court's decision and guaranteeing payment if the bond were to become payable. This judgment against Raymark became final in January 1989. The plaintiff demanded payment of the judgment, and the surety on the bond threatened to sue Allstate if it did not honor its guarantee of payment. Consequently, Allstate paid $2,605,727.25 in satisfaction of the judgment including interest accrued. This payment extended beyond Allstate's financial obligations under its policies.

On February 10, 1989, an involuntary bankruptcy petition was filed against Raymark in the United States Bankruptcy Court for the Eastern District of Pennsylvania. Raymark's motion to dismiss the involuntary petition was denied. On March 22, 1989, one day after Allstate paid the $2 million plus judgment, it filed a motion for reimbursement against International, Aetna and Raymark contending that because the payment was in excess of its policy limits, it was entitled to reimbursement pursuant to the interim funding orders from one, two or all three.

On February 27, 1990, International filed a motion to stay Allstate's reimbursement action pending resolution of Raymark's involuntary bankruptcy case. International asserted that the matter fell within the automatic stay provisions of section 362(a)(1) or (a)(3) of the Bankruptcy Code (11 U.S.C. §§362(a)(1), (a)(3) (Supp. 1987)) because the motion was brought against a debtor in bankruptcy, namely, Raymark. International appeals from an order of the circuit court of

Cook County granting its motion to stay Allstate's reimbursement proceedings as to Raymark but denying the motion as to International. International contends that the circuit court erred in finding that the International policy issued to Raymark was not property of Raymark's bankruptcy estate subject to the automatic stay provision of section 362(a)(1) of the Bankruptcy Code (11 U.S.C. §362(a)(1) (Supp. 1987)).

The case law in Illinois clearly establishes that a denial of a motion to stay is appealable as of right under Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)). (*Metropolitan Sanitary District v. United States Steel Corp.* (1975), 30 Ill. App. 3d 360, 361, 332 N.E.2d 426, 427; *Kellerman v. MCI Telecommunications Corp.* (1985), 134 Ill. App. 3d 71, 73, 479 N.E.2d 1057, 1059.) The scope of review in an interlocutory appeal is normally limited to determining whether the circuit court abused its discretion in granting or refusing the requested interlocutory relief. (*Kellerman*, 134 Ill. App. 3d at 73, 479 N.E.2d at 1059.) There have been exceptions to this limited scope of review (see *People v. Kerr-McGee Chemical Corp.* (1986), 142 Ill. App. 3d 1104, 1106, 492 N.E.2d 1003, 1005); however, this case does not fall within one of those, and consequently, the standard of review on appeal is whether the circuit court abused its discretion in determining the interlocutory appeal. International's position that this court should determine whether the circuit court's ruling on a question of law was correct independent of the circuit court's judgment is misguided. The case at bar deals with an interlocutory appeal, unlike those cited by International. See *South Suburban Safeway Lines, Inc. v. Regional Transportation Authority* (1988), 166 Ill. App. 3d 361, 519 N.E.2d 1005.

Allstate incorrectly asserts that since International failed to state the standard of review in its brief, International has waived review on the grounds that International failed to raise this as an issue on appeal. Allstate misconstrues the court's holding in *Miller v. Police Board of the City of Chicago* (1976), 38 Ill. App. 3d 894, 904, 349 N.E.2d 544, 552, which held that an appellant waived the right to argue the question of constitutionality as an issue in its motion for rehearing because it failed to raise the issue before the police board, the circuit court or the appellate court. There is not any case in Illinois which has held that a party waived the standard of review by failing to recite the standard in its brief. We find that International did not waive the standard of review.

In determining whether the circuit court abused its discretion, this court should not decide whether it agrees with the circuit court's

decision, but rather, should determine whether the circuit court "acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted." (*In re Marriage of Aud* (1986), 142 Ill. App. 3d 320, 326, 491 N.E.2d 894, 898.) International contends that the circuit court should be reversed for refusing to grant the automatic stay as to International.

■ Section 362(a) of chapter 11 of the Bankruptcy Code provides in pertinent part:

> "(a) Except as provided in subsection (b) of the section, a petition filed under a section 301, 302 or 303 of this title *** operates as a stay, applicable to all entities, of
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title ***." (Emphasis added.) (11 U.S.C. §362(a) (Supp. 1987).)

In *Williford v. Armstrong World Industries, Inc.* (4th Cir. 1983), 715 F.2d 124, 126, the court held that the above section provides only for an automatic stay of judicial proceedings against the debtor in order to provide the debtor with time to organize its estate. "That insulation, however, belongs exclusively to the 'debtor' in bankruptcy." (*Williford*, 715 F.2d at 126.) Section 362(a) automatically stays proceedings against the debtor only and not co-debtors. (*Otoe County National Bank v. W & P Trucking, Inc.* (10th Cir. 1985), 754 F.2d 881, 883.) We find that the circuit court did not abuse its discretion by refusing to grant the stay as to International, a co-debtor.

■ Further, a party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative. (*Williford*, 715 F.2d at 127.) Thus, International must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." (*Landis v. North American Co.* (1936), 299 U.S. 248, 254-55, 81 L. Ed. 153, 158, 57 S. Ct. 163, 166.) International did not assert that it will encounter any sort of hardship by being required to go forward with the reimbursement action. Similarly, International does not face any inequities by going forward with the action. There is, however, a fair possibility that a stay in favor of International, a solvent insurance company,

would work damage against Allstate. It is clear from the record that Allstate has obeyed the circuit court's interim orders and has paid monies pursuant to those orders in an amount which exceeds its policy limits. Here, Allstate, a solvent insurance company, is seeking reimbursement from another solvent company, International. We find that granting a stay on behalf of International would be inequitable and agree with the decision of the circuit court on this matter.

■■ Additionally, International argues that it is entitled to the automatic stay pursuant to section 362(a)(3). This section states that an automatic stay is applicable to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." (11 U.S.C. §362(a)(3) (Supp. 1987).) Relying on *A.H. Robins Co. v. Piccinin* (4th Cir. 1986), 788 F.2d 994, 1001, International argues that Raymark's insurance policies are property of the bankrupt estate and, therefore, subject to the bankruptcy court's jurisdiction. The court in *Amatex Corp. v. Stonewall Insurance Co.* (E.D. Pa. 1989), 102 Bankr. 411, 413, found that *Piccinin* dealt only with the automatic stay provisions of the Bankruptcy Code which are invoked to temporarily protect the *debtor* from an " 'uncontrollable scramble for its assets in a number of uncoordinated proceedings in different courts, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor.' " (*Amatex*, 102 Bankr. at 413, quoting *Piccinin*, 788 F.2d at 998.) The *Amatex* court further held that "despite the likelihood that the [insurance] policies would be triggered, and even the high probability that the policies would be exhausted, the debtor *has no property interest in the insurance until the debtor is legally obligated to pay damages* which fall under the definitions contained in the policies." (Emphasis added.) (*Amatex*, 102 Bankr. at 414.) We agree with Allstate, that the circuit court has for several years been intimately familiar with the course of the prior proceedings in this case which began in 1978. This reimbursement action is an outgrowth of that 1978 case; thus, there are not a "number of uncoordinated proceedings in different courts." The fact that there may be potential claims at some future date does not require that International's policy proceeds automatically become property of the estate and subject to the stay. In fact, *Amatex* indicates that Raymark does not have any property interest in International's insurance policy. It also should be mentioned that International's position throughout this protracted litigation has been that it does not owe

Raymark any defense costs or claim expenses under its policy. International's motion for a stay on the basis that its policy is part of Raymark's estate is clearly contrary to this steadfastly held position and is self-serving. We hold that the circuit court did not abuse its discretion by denying to impose the stay as to International.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MANNING, P.J., and CAMPBELL, J., concur.