BARBARA B. KADEN, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellee, v. AURELIA PUCINSKI, Clerk of the Circuit Court of Cook County, Defendant-Appellant (The County of Cook, Intervenor and Defendant-Appellant).—BARBARA B. KADEN, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. AURELIA PUCINSKI, Clerk of the Circuit Court of Cook County, Defendant-Appellee (The County of Cook, Intervenor and Defendant-Appellee).

First District (3rd Division)   Nos. 1—93—1236, 1—93—1243 cons.

Opinion filed March 30, 1994.—Rehearing denied June 8, 1994.

Jack O'Malley, State's Attorney, of Chicago (Karen Covy, Patricia M. Shymanski, Patricia M. Moser, and Laura L. Fese, Assistant State's Attorneys, of counsel), for Aurelia Pucinski and County of Cook.

Lee J. Schwartz, of Chicago, and Bernard Z. Paul, of De Kalb, for Barbara B. Kaden.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff and defendants have both appealed orders of the circuit court of Cook County. This court, by its own motion, consolidated both appeals.

Plaintiff appeals an order which denied her motion to stay the instant proceedings in the circuit court of Cook County due to another case based upon substantially similar issues pending before the Appellate Court, Second District, on appeal from the circuit court of Du Page County. The sole issue presented is whether the trial court abused its discretion in denying plaintiff's motion for a stay of the Cook County proceedings.

Defendants appeal the trial court's order, considered after plaintiff's appeal, which denied their motion to reinstate briefing schedules on all outstanding motions and found that the interlocutory appeal by plaintiff deprived it of jurisdiction to rule on defendants' motion.

Defendants' appeal raises two issues: (1) whether the appellate court has jurisdiction under Supreme Court Rule 307(a)(1) (134 Ill. 2d

R. 307(a)(1)) to consider the trial court's order denying defendants' motion to proceed with the instant case, and (2) whether the trial court loses jurisdiction to proceed to the merits of a case where an interlocutory appeal is pending on the trial court's denial of a stay of proceedings.

As to plaintiff's appeal, we affirm the trial court's denial of a stay of the Cook County action and remand for further proceedings. In light of our disposition in plaintiff's appeal, we dismiss defendants' appeal as moot.

On March 20, 1992, plaintiff filed the underlying complaint as a class action on behalf of all taxpayers in Illinois to challenge the constitutionality of section 2 of the Fee Deposit Act (Ill. Rev. Stat. 1991, ch. 85, par. 722) and section 27.5 of the Clerks of Courts Act (Ill. Rev. Stat. 1991, ch. 25, par. 27.5). In September 1992, defendant County of Cook was granted leave to intervene as a matter of right. The complaint maintains that the funds collected pursuant to these two Acts are State rather than county funds and should be part of the General Assembly's appropriation process.

After filing the complaint in Cook County, plaintiff filed substantially identical complaints against the county treasurers and circuit clerks of four other counties: Lake County (May 11, 1992); Will County (June 26, 1992); Winnebago County (July 1, 1992); and Du Page County (June 30, 1992). As in the Cook County case, each of these four complaints challenged the constitutionality of section 2 of the Fee Deposit Act. Unlike the Cook County case, none of the other four complaints contested the constitutionality of section 27.5 of the Clerks of Courts Act.

Subsequently plaintiff voluntarily dismissed her three complaints pending in Lake, Will and Winnebago Counties.

On October 22, 1992, plaintiff moved to voluntarily dismiss the Cook County case. To date, no action has been taken on this motion by the trial court.

On January 26, 1993, the circuit court in Du Page County entered an order dismissing plaintiff's complaint on a section 2—615 motion to dismiss (Ill. Rev. Stat. 1991, ch. 110, par. 2—615) brought by the defendant in that case and expressly found that "the funds in question are not State funds." On February 5, 1993, plaintiff appealed this order to the Appellate Court, Second District. To date, plaintiff's appeal of the Du Page County order is still pending in the second district.

On January 27, 1993, plaintiff filed her motion to stay proceedings in the instant Cook County action based on the pendency of the Du Page County appeal. At an evidentiary hearing, defendants pre-

sented the testimony of Phillip W. Peloquin, who is an executive vice-president of Public Sector Group Incorporated, which serves as a financial advisor for public entities including the County of Cook. The role of financial advisor includes helping the county to develop its financial plans and to structure its debt issues, such as notes or bonds. Plaintiff questioned Peloquin's credentials and suggested a bias based on his company's employment as an advisor to the county on financial matters. The court observed that these matters would go to the weight of the witness' testimony.

Peloquin testified that the case at bar calls into question about $80 million in annual revenue for the county. The impact of a judgment adverse to the county would create an $80 million deficit in the county's budget on an annual basis. As stated by Peloquin, "this would not be a one time hit on the county's budget; but would be a problem that would occur this year and every year for sometime in the future." This litigation has been disclosed to the bond rating and bond insurance agencies. The continued pendency of the litigation continues to raise doubts about the county's ability to meet its financial obligations.

Peloquin further testified that the mere pendency of the instant case could cause a drop in Cook County's bond rating which represents the perception held by the rating agencies of the county's ability to meet its obligations. The downgrading of a bond rating increases the interest rate paid by the county, deters potential bond investors and negatively impacts on the ability of the county to meet its long-term obligations.

Plaintiff presented no evidence or witnesses. Following the hearing, the trial court denied plaintiff's motion for a stay on April 6, 1993, and plaintiff filed a notice of appeal.

On April 8, 1993, defendants filed a motion requesting the trial court to reinstate the briefing schedules on motions previously filed by the parties to the Cook County action. Pending motions include plaintiff's motion to voluntarily dismiss, defendants' section 2—615 motion to dismiss, plaintiff's motions for certification of a plaintiff class and a defendant class, and plaintiff's motion to create a special fund.

On the same day (April 8), the trial court entered an order declining to rule on defendants' motion to reinstate briefing schedules on all outstanding motions "because the Court finds that plaintiff's filing of the notice of Interlocutory Appeal [from the court's denial of plaintiff's motion for a stay of proceedings] has deprived the Court of jurisdiction to rule on defendants' motion." Defendants' appeal of the April 8, 1993, order is the subject of the second appeal.

The sole relevant issue in plaintiff's appeal is whether the trial court abused its discretion in denying her motion for a stay of proceedings.

Plaintiff asserts that the principles of comity, judicial efficiency and *stare decisis* justify the stay of the Cook County proceedings due to the appeal of the Du Page County order pending in the Appellate Court, Second District. Plaintiff also argues that there is no substantial likelihood that the mere pendency of this case, while stayed, would lead to a downgrading of Cook County's credit rating.

Defendants contend that plaintiff failed to satisfy the burden placed on the party seeking a stay as established in *Landis v. North American Co.* (1936), 299 U.S. 248, 255, 81 L. Ed. 153, 158, 57 S. Ct. 163, 166, and adopted by this court in *Zurich Insurance Co. v. Raymark Industries, Inc.* (1991), 213 Ill. App. 3d 591, 595, 572 N.E.2d 1119.

■ The scope of review in an interlocutory appeal is ordinarily limited to determining whether the circuit court abused its discretion in granting or refusing the requested interlocutory relief. *Zurich Insurance*, 213 Ill. App. 3d at 594; see *People v. Kerr-McGee Chemical Corp.* (1986), 142 Ill. App. 3d 1104, 492 N.E.2d 1003 (an exception to the abuse of discretion standard has been applied in cases where Federal preemption claims challenged the jurisdiction of the circuit court to enter the order appealed).

Under the abuse of discretion standard, a reviewing court does not decide whether it agrees with the circuit court's decision, but rather, determines whether the circuit court " 'acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted.' " *Zurich Insurance*, 213 Ill. App. 3d at 594-95, quoting *In re Marriage of Aud* (1986), 142 Ill. App. 3d 320, 326, 491 N.E.2d 894, 898.

■ A stay order seeks only to preserve the status quo existing on the date of its entry and does not address in any way the merits of the underlying dispute. (*Douglas Transit, Inc. v. Illinois Commerce Comm'n* (1986), 145 Ill. App. 3d 115, 495 N.E.2d 620.) The inherent power of a trial court to control the disposition of the cases on its docket gives courts the authority to stay proceedings. *Landis*, 299 U.S. at 255, 81 L. Ed. at 158, 57 S. Ct. at 166; *Couri v. Korn* (1990), 203 Ill. App. 3d 1091, 562 N.E.2d 235; *In re Estate of Lanterman* (1984), 122 Ill. App. 3d 982, 462 N.E.2d 46.

However, the party seeking a stay bears the burden of proving adequate justification for it. (*Douglas Transit*, 145 Ill. App. 3d at 121.) As stated by the first district in *Zurich Insurance*:

"[A] party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative. (*Williford*, 715 F.2d at 127.) Thus, [the party seeking a stay] must 'make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.' " *Zurich Insurance*, 213 Ill. App. 3d at 595, quoting *Landis*, 299 U.S. at 254-55, 81 L. Ed. at 158, 57 S. Ct. at 166.

In *Landis*, the United States Supreme Court was confronted with a stay order which had been entered approximately one year earlier. In light of the events which had transpired during the intervening months, the Supreme Court remanded the matter to allow the court to reassess the propriety of the stay given the current situation of the pending cases. *Landis*, 299 U.S. at 258-59, 81 L. Ed. at 160, 57 S. Ct. at 167-68.

Applying this standard to the present case, plaintiff made absolutely no case of hardship or inequity in being required to go forward with the case in Cook County where plaintiff chose to file her first complaint. The record belies even the suggestion of hardship considering the five complaints filed by plaintiff in five different counties. Moreover, a circuit court ruling has already been made on plaintiff's action in Du Page County and thus she is only left awaiting the appellate process there. Furthermore, plaintiff presented no evidence and no witnesses to rebut the testimony of defendants' expert (Phillip W. Peloquin) who opined that delay of the Cook County litigation might negatively impact Cook County's bond rating and its ability to meet its financial obligations.

Contrary to plaintiff's position, defendants' unrebutted evidence supports a fair possibility that a stay may work damage on Cook County's financial standing and sources of revenue. A "fair possibility," under the *Zurich* standard, is all that is required to deny a stay of proceedings.

■ Notwithstanding the standards enunciated in *Zurich* and based on *Landis*, the Illinois Supreme Court has repeatedly held that in determining the propriety of a stay, four factors should be considered: (1) comity; (2) the prevention of multiplicity, vexation and harassment; (3) the likelihood of obtaining complete relief in the foreign jurisdiction; and (4) the *res judicata* effect of a foreign judgment in the local forum. (*Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 447-48, 493 N.E.2d 1045 (refusal to stay class actions filed in Illinois was proper where a class action suit was pending in Michigan district court); *People ex rel. Department of Public Aid v. Santos* (1982), 92 Ill. 2d 120, 130, 440 N.E.2d 876 (three State actions were

stayed, but not dismissed, pending the outcome of a Federal proceeding which might be dispositive of the State actions); *A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 254, 419 N.E.2d 23 (the stay of an Illinois action pending the resolution of sister State (Iowa) litigation would be inappropriate).

The factors enumerated in *Staley* and its progeny have been followed in appellate courts. *E.g., Quantum Chemical Corp. v. Hartford Steam Boiler Inspection & Insurance Co.* (1993), 246 Ill. App. 3d 557, 562, 616 N.E.2d 686, 690 (followed the *Staley* factors to decide whether a stay was appropriate in a Federal-State situation); *Tumminaro v. Tumminaro* (1990), 198 Ill. App. 3d 686, 694, 556 N.E.2d 293, 299 (concerned the interplay between complaints filed by the same plaintiff in the circuit court and in an Illinois administrative agency, the Department of Labor; the court held that the trial court abused its discretion in dismissing the plaintiff's complaint with prejudice and remanded the case for the trial court to determine whether a stay of the circuit court proceedings was then appropriate).

However, the *Staley* factors are not all inclusive and do not limit a trial court from considering other factors which bear on exercising its discretion. See *Natural Gas Pipeline Co. v. Phillips Petroleum Co.* (1987), 163 Ill. App. 3d 136, 144, 516 N.E.2d 527.

To justify a stay, plaintiff specifically relies on the principles of comity, judicial efficiency and *stare decisis.*

As to comity, plaintiff argues that the Cook County case should be stayed in deference to the circuit court of Du Page County, which has already decided the case filed there.

Defendants submit that where two different courts acquire jurisdiction of cases involving the same subject matter, the court which acquired jurisdiction second should defer to the court which acquired jurisdiction first. Under this general principle, defendants argue that Cook County should have preference since the complaint in Cook County was filed before the complaint in Du Page County.

The time of filing the actions, however, is not determinative. (See *Kiehn v. Love* (1986), 143 Ill. App. 3d 434, 493 N.E.2d 79; *Venturi v. Bulk Petroleum Corp.* (1979), 70 Ill. App. 3d 967, 388 N.E.2d 1147.) In reality, Du Page County circuit court, even though it acquired jurisdiction after Cook County, has already entered a substantive ruling which has been appealed to the second district.

Regarding judicial efficiency, the parties agree that the ruling in the Du Page County case is not *res judicata* as to the case at bar because there is no identity of parties or subject matter. Moreover, the likelihood of the Cook County parties obtaining complete relief from the Du Page County action is nonexistent because the Du Page

County complaint and subsequent court ruling concern only the Fee Deposit Act. The Cook County complaint challenges both the Fee Deposit Act and the Clerks of the Courts Act.

There is further a sense that plaintiff is disingenuous in her concern for judicial efficiency since she is the very person who filed five separate actions in five separate counties addressing the same issue, perhaps engaging in a bit of forum shopping. For such a plaintiff to shed tears over "judicial efficiency" gives new meaning to the word "chutzpah." See Kozinski and Volokh, *Lawsuit, Shmawsuit*, 103 Yale L.J. 463 (1993) (analysis of the 112 (now 113) appearances of the word "chutzpah" in reported cases).

As to *stare decisis*, however, defendants concede that the second district's decision would be binding on the circuit court of Cook County but also observe that the second district's decision would not be binding on this First District Appellate Court.

Applying the abuse of discretion standard, this court does not decide whether or not it agrees with the circuit court's decision but rather whether or not the circuit court acted arbitrarily or beyond the bounds of reason or without recognition of the principles of law.

■ Weighing the relevant criteria and given the abuse of discretion standard, we cannot say that the circuit court abused its discretion in denying a stay because: (1) the disposition of the Du Page County action would not provide complete relief in the Cook County action since the Cook County complaint challenges two statutes, not just one; (2) the Du Page County decision would not have a *res judicata* effect on the Cook County action; (3) in practical terms, a stay would merely delay the consideration of plaintiff's count involving section 27.5 of the Clerks of Courts Act, which is not an issue in the Du Page County action; and (4) such delay could cause adverse financial ramifications to Cook County based on defendants' unrebutted evidence.

In light of our disposition of plaintiff's appeal, we need not address the issues presented in defendants' appeal and thus dismiss the second appeal.

For all the foregoing reasons, we affirm the trial court's order which denied plaintiff's motion for a stay of the Cook County proceedings, dismiss the second appeal and remand the matter to the circuit court for further proceedings.

Affirmed in part, dismissed in part, and remanded.

TULLY, P.J., and RIZZI, J., concur.