THE CITY OF ROCK ISLAND, Plaintiff-Appellant, v. THE HUMAN RIGHTS COMMISSION *et al.*, Defendants-Appellees.

Third District   Nos. 3—97—0395, 3—97—0560 cons.

Opinion filed July 9, 1998.

Arthur W. Eggers (argued) and James S. Zmuda, both of Califf & Harper, P.C., of Moline, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solici-

tor General, and A. Benjamin Goldgar, (argued), Assistant Attorney General, of counsel), for appellee Human Rights Commission.

Dana Adams, of Baton Rouge, Louisiana, for appellee Dana Adams.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff City of Rock Island (City) filed a complaint against defendants Illinois Human Rights Commission (Commission) and Dana Adams seeking an order of prohibition and a permanent injunction to prevent defendants from litigating Adams' discrimination claim. The circuit court granted the City's request for a temporary restraining order on January 3, 1997, and entered a preliminary injunction order on January 21, 1997. On May 14, 1997, the circuit court dismissed the City's complaint and terminated the preliminary injunction. The City's subsequent motion for a stay of the circuit court's order was denied. The City filed separate appeals from the court's May 14, 1997, dismissal of its complaint (No. 3—97—0395) and the denial of its motion for a stay (No. 3—97—0560), which were consolidated by this court. The primary issue raised on appeal is whether the jurisdiction of the Human Rights Commission over claims of discrimination is preempted by a collective bargaining agreement that includes an anti-discrimination clause and a grievance procedure culminating in binding arbitration. We believe that the Commission's jurisdiction is not preempted and we therefore affirm.

## Facts

Defendant Adams was an employee of the City from June of 1979 until February 22, 1995, when he was discharged. Adams was a member of the bargaining unit represented by the American Federation of State, County and Municipal Employees, Council 31, AFL-CIO, Local No. 988 (Union). The collective bargaining agreement (Agreement) between the Union and the City provided that it would be administered fairly and without regard to an employee's race, religion, sex, handicap or political affiliation. The Agreement also provided for a five-step grievance procedure, with binding arbitration as the fifth step.

After he was fired, Adams filed a grievance that proceeded through step four of the grievance procedure. The grievance did not, however, proceed to the fifth and final step of binding arbitration, for reasons that are not clear from the record. On July 6, 1995, Adams filed a charge of discrimination with the Illinois Department of Human Rights (Department). On December 2, 1996, the Department presented a complaint to the Commission alleging racial discrimination based on the charge filed by Adams. Thereafter, the City filed its com-

plaint for an order of prohibition and an injunction to prohibit the Commission from proceeding on the complaint. The City claimed that the Commission was precluded from hearing the claim under the terms of the Agreement and pursuant to section 8 of the Illinois Public Labor Relations Act (Act) (5 ILCS 315/8 (West 1996)). The circuit court dismissed plaintiff's complaint, finding that the Commission could proceed with the complaint because neither Adams nor the Union requested arbitration.

## Analysis

■ Under Illinois law, for an order of prohibition to be issued a party must show: (1) that the action sought to be prohibited is judicial in nature; (2) that the jurisdiction of the tribunal is inferior to that of the issuing court; (3) that the action sought to be prohibited is either outside the jurisdiction of the tribunal or beyond its legitimate authority; and (4) that the party seeking the order of prohibition is without an adequate remedy. *Board of Trustees v. Illinois Human Rights Comm'n*, 141 Ill. App. 3d 447, 490 N.E.2d 232 (1986). The standard of review for a denial of injunctive relief based upon questions of law is *de novo*. *Butler v. USA Volleyball*, 285 Ill. App. 3d 578, 673 N.E.2d 1063 (1996).

The crux of this appeal centers around the third prerequisite for a writ of prohibition—that the action sought to be prohibited must be outside the jurisdiction of the Commission or beyond its authority. The City maintains that because the Agreement addresses racial discrimination, the sole and exclusive forum for determination of Adams' claim is governed by the Agreement. The Commission asserts that Adams' rights under the Agreement are distinct from his statutory rights. Thus, his claim before the Commission should not be prohibited. We agree with the Commission.

■ Section 8 of the Act requires that collective bargaining agreements contain grievance procedures that provide for binding arbitration unless mutually agreed otherwise. 5 ILCS 315/8 (West 1996). If a conflict arises between the provisions of the Act and any other law, "the provisions of [the] Act or any· collective bargaining agreement negotiated thereunder shall prevail and control." 5 ILCS 315/15(a) (West 1996). In addition, the Illinois Human Rights Act states that it does not affect the rights of employees under a collective bargaining agreement. 775 ILCS 5/9—101(A)(2) (West 1996).

The City contends that the Act, when read in conjunction with the Agreement, mandates arbitration of a public employee's discrimination claim and deprives the Commission of jurisdiction over that claim. We disagree.

■ Section 8 of the Act does not require that all labor agreements must contain a mandatory arbitration provision. Instead, that section requires a grievance procedure that provides for binding arbitration "unless mutually agreed otherwise." 5 ILCS 315/8 (West 1996). In our opinion, the City and the Union *have* "agreed otherwise." The fifth step of the grievance procedure is described in the Agreement as follows:

> "Only a grievance which is a dispute or difference of opinion raised by an employee *** covered by this agreement against the City involving as to him the meaning, interpretation or application of the express provisions of this agreement may be referred to binding arbitration. Grievances which are not so defined shall be decided by the City Manager and shall not be referred to binding arbitration.
>
> An employee *may* refer an eligible grievance to binding arbitration by submitting a written notice to the City Manager within seven calendar days of receipt of the City Manager's decision. *Only grievances which have been authorized by Local #988 shall be referred to binding arbitration.*" (Emphasis added.)

As the language emphasized above indicates, an employee is not required to submit to binding arbitration. Moreover, even if the employee chooses arbitration, he must secure authorization from the Union or no arbitration will occur. Such a scheme clearly does not mandate the arbitration of grievances. If arbitration is not mandatory, section 15 of the Act, which grants precedence to the Act and to collective bargaining agreements over other laws, is irrelevant. That section applies only in cases of conflict. Since the Agreement does not mandate arbitration of Adams' claim, it does not conflict with the Illinois Human Rights Act (775 ILCS 5/1—101 *et seq.* (West 1996)), which provides a comprehensive scheme to secure freedom from discrimination for all individuals within Illinois (*Baker v. Miller*, 159 Ill. 2d 249, 636 N.E.2d 551 (1994)).

The City argues, however, that allowing a "two-track" system whereby an employee can pursue his claim through binding arbitration and thereafter file a claim with the Department could lead to inconsistent decisions by the arbitrator and the Commission. The short answer to the City's argument is that no arbitration took place here and we will not speculate about hypothetical conflicts in nonexistent cases. Even if such a case were to arise, however, we believe that any perceived inconsistency might simply be the result of the difference between an employee's contractual and statutory rights. In *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 39 L. Ed. 2d 147, 94 S. Ct. 1011 (1974), the Supreme Court held that an employee's statutory right

under title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.* (1994)) to assert a claim of racial discrimination was not foreclosed by prior submission of his claim to final arbitration under a nondiscrimination clause of a collective bargaining agreement. The Court stated:

> "In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence. And certainly no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums. *** [T]he relationship between the forums is complementary since consideration of the claim by both forums may promote the policies underlying each." *Alexander*, 415 U.S. at 49-51, 39 L. Ed. 2d at 159, 94 S. Ct. at 1020-21.

As in *Alexander*, in this case Adams has a right to assert a claim of racial discrimination under the Human Rights Act that is independent of his contractual rights under the collective bargaining agreement. To hold otherwise ignores the "distinctly separate nature" of those rights and would deny Adams a forum to fully adjudicate either of them. See *Moss-American, Inc. v. Illinois Fair Employment Practices Comm'n*, 22 Ill. App. 3d 248, 317 N.E.2d 343 (1974) (relying on *Alexander* in holding that Fair Employment Practices Commission was not deprived of jurisdiction over claim of racial discrimination despite arbitration of grievance under collective bargaining agreement).

Finally, with regard to the City's concern that Adams would be getting "a second bite of the apple," we note that the same argument was raised in *Ryherd v. General Cable Co.*, 124 Ill. 2d 418, 530 N.E.2d 431 (1988). In *Ryherd*, a union employee filed a grievance claiming that she had been fired because she had filed a workers' compensation claim. The grievance was submitted to arbitration and the arbitrator found in favor of the employer. The employee then filed a complaint for retaliatory discharge in the circuit court. In holding that the employee's claim was not preempted by section 301 of the Labor-Management Relations Act (29 U.S.C. § 185(a) (1982)), the court stated:

> "It is true, in some sense, that an employee who subsequently litigates his retaliatory discharge claim is getting a 'second bite of the apple.' But a section 301 grievance and a retaliatory discharge claim are simply not the same 'apple'; they are different, and fundamentally unrelated, claims. And while there is some danger that a State court will make a factual determination which conflicts

with the earlier decision of the arbitrator in the same case, this danger is outweighed by the need to assure consistency of *legal* determinations, both as to retaliatory discharge claims and as to claims of discharge in breach of a labor agreement." (Emphasis in original.) *Ryherd*, 124 Ill. 2d at 432, 530 N.E.2d at 438.

Similarly, Adams' claim that he was terminated in violation of the collective bargaining agreement and his statutory claim of discrimination under the Human Rights Act are not the "same apple." This is because the source and nature of each right are different (see *Kraft, Inc., Dairy Group v. City of Peoria*, 177 Ill. App. 3d 197, 531 N.E.2d 1106 (1988) (claim of discrimination has its origins in public policy of Illinois and does not depend on the existence of a collective bargaining agreement)) and because adjudication of those rights involves separate inquiries (see *Alexander*, 415 U.S. at 53, 39 L. Ed. 2d at 161, 94 S. Ct. at 1022 (role of arbitrator is to effectuate intent of parties by interpreting collective bargaining agreement in accordance with "industrial common law of the shop"; he has no general authority to invoke public laws)).

We hold, therefore, that the jurisdiction of the Human Rights Commission over Adams' claim of discrimination is not preempted by the collective bargaining agreement or by the Illinois Public Labor Relations Act. Accordingly, the circuit court's order dismissing the City's complaint is affirmed. We further find that the circuit court did not abuse its discretion in denying the City's motion for a stay of judgment. See generally *Kaden v. Pucinski*, 263 Ill. App. 3d 611, 635 N.E.2d 468 (1994) (decision to deny stay is reviewed under abuse of discretion standard).

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

BRESLIN and HOLDRIDGE, JJ., concur.