NOTICE

Decision filed 04/02/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231170-U

NO. 5-23-1170

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| PROGRESSIVE UNIVERSAL INSURANCE CO., | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 23-MR-167 |
| TORI LONSDALE, CARA LONSDALE, PAMELA GREEN, and CHEMICAL CONCEPTS, INC., | ) ) ) ) ) | |
| Defendants | ) ) | Honorable Ronald J. Foster Jr., |
| (Pamela Green, Defendant-Appellee). | ) | Judge, presiding. |

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court's order granting a stay to defendant is affirmed where the trial court did not abuse its discretion.

¶ 2   Plaintiff, Progressive Universal Insurance Co. (Progressive), appeals the trial court's November 3, 2023, interlocutory order granting defendant Pamela Green's motion to stay the proceedings. For the following reasons, we affirm.

¶ 3   I. BACKGROUND

¶ 4   On June 16, 2023, Progressive filed a complaint for declaratory judgment against defendants, Tori Lonsdale, Cara Lonsdale, Pamela Green, and Chemical Concepts, Inc. The

1

complaint alleged that Tori Lonsdale was driving a 2015 Chevrolet Cruze on October 12, 2022, when Tori's vehicle and a vehicle driven by Pamela Green were involved in a collision in Alton, Illinois. The complaint further alleged that Pamela filed a lawsuit against Tori and Chemical Concepts related to the collision. As to Pamela, the complaint alleged, "Upon information and belief, Pamela Green resides in Alton, Madison County, Illinois and has a potential financial interest in the outcome of this litigation and is a necessary party so as to be bound by any judgment rendered in this litigation."

¶ 5   Progressive's complaint requested the trial court find that the vehicle driven by Tori at the time of the accident was not a covered vehicle under the Lonsdale family insurance policy. The complaint alleged that the Lonsdale policy only covered three vehicles and Cara Lonsdale, the policy owner, did not notify Progressive of the ownership of the 2015 Chevrolet Cruze within 30 days of its purchase, did not ask Progressive to provide coverage on the 2015 Chevrolet Cruze, and did not pay a premium on that vehicle. Progressive's prayer for relief requested the trial court declare that it (1) did not owe a duty to defend Cara, Tori, or Chemical Concepts in relation to the litigation filed by Pamela related to the October 12, 2022, collision; (2) did not owe a duty to indemnify Cara, Tori, or Chemical Concepts in relation to the litigation filed by Pamela related to the October 12, 2022, collision; and (3) was not responsible to pay any sums awarded to Pamela in relation to the litigation stemming from the October 12, 2022, collision, or pay any sums to Cara, Tori, or Chemical Concepts, related to the October 12, 2022, collision.

¶ 6   The January 26, 2023, complaint filed by Pamela against Tori and Chemical Concepts was attached to Progressive's complaint for declaratory judgment. Pamela's complaint alleged that Chemical Concepts was the employer of Tori. The complaint further alleged that Tori failed to stop at a posted traffic control device and collided with Pamela's vehicle. The complaint alleged

2

claims of negligence against Tori and a second count alleged vicarious liability against Chemical Concepts.

¶ 7     Also attached to the Progressive complaint was a copy of Cara Lonsdale's insurance policy. The policy listed the named insured as Cara Lonsdale, Robert Lonsdale, Tori Lonsdale, and Taylor Lonsdale. The policy coverage listed three vehicles including a 2015 Lincoln MKC, a 2017 Jeep Cherokee, and a 2015 Jeep Wrangler. Progressive's declaratory judgment complaint relied on the definitions in the insurance policy for additional auto, covered auto, replacement auto, and non-owned auto. The complaint also relied on the policy language regarding exclusions for liability to others and coverage provided under the policy as it related to vehicle damage.

¶ 8     On August 1, 2023, Pamela filed a motion to stay the proceedings until the litigation in her underlying lawsuit against Tori and Chemical Concepts was "fully and completely resolved." In support, Pamela filed a memorandum that alleged Progressive was already paying a law firm to defend Tori in the underlying lawsuit and did not seek to withdraw its defense in that litigation. The memorandum addressed the differences between an insurer's duty to indemnify and its duty to defend and claimed that permitting Progressive to withdraw its defense in the middle of the litigation would be greatly prejudicial to Tori and Chemical Concepts since her defense had "been to date exclusively controlled by counsel selected by Progressive." The memorandum further stated, "Under circumstances created by Progressive, even if the insurer does not owe a duty to indemnify it is precluded from withdrawing its defense until exhaustion of all appeals of any ruling in this proceeding and until judgment has been entered against Tori and/or Chemical [Concepts]." The memorandum further argued that it was inappropriate for a court presiding over a declaratory action to engage in a determination of ultimate facts which may be a predicate to liability in the underlying case and that there were potential conflicts of interest, questions as to the adequacy of

3

the reservation of rights, and interpretation of an exclusionary clause at issue. After addressing these issues more fully, Pamela requested the trial court issue a stay of proceedings until the underlying lawsuit was complete.

¶ 9 On August 21, 2023, Progressive filed a response to Pamela's motion to stay. This pleading included additional exhibits including a reservation of rights letter dated November 23, 2022, and correspondence dated January 8, 2023, and February 7, 2023. Progressive argued that no material or ultimate fact in Pamela's lawsuit was at issue and the claims of conflict or reservation of rights were inapplicable. No affidavit regarding the exhibits was attached to the response.

¶ 10 The motion to stay proceeded to hearing on November 3, 2023. Thereafter, the trial court issued an order stating that in addition to the pending motion to stay, Progressive also filed a motion for default against the Lonsdale defendants.[1] The court's order granted "the motion to stay including as to discovery." The remainder of the order stated, "However, the court finds Tori Lonsdale, Cara Lonsdale[,] and Chemical Concept to be in default, but not to the detriment of Pamela Green. Default applies to only policy at issue here." Progressive timely appealed.

¶ 11                            II. ANALYSIS

¶ 12 On appeal, Progressive argues that the trial court's order granting Pamela's motion to stay was an abuse of discretion. It argues that the trial court ignored recognized principles of law in granting the motion because it was an abuse of discretion for a trial court to grant a stay when the declaratory judgment proceeding did not involve a determination of ultimate facts in the underlying case. Progressive further argues that no material issues of fact related to Pamela's lawsuit against Tori were at issue because the only issue was whether the vehicle was covered by the policy.

---

[1]No copy of that motion was included in the record on appeal.

4

¶ 13    In response, Pamela's statement of facts indicates that "Cara Lonsdale, Tori Lonsdale or Chemical Concepts has not appeared in these proceedings. Each was found to be in default[,] but the trial court declined to adjudicate the declaratory action 'because Pamela Green's substantive rights were at issue.' " In support, Pamela cites the trial court's order; however, the quoted statement is not found therein. Pamela's statement of facts also states that no transcript of the hearing, or any bystander report, was provided as part of the record on appeal. She argues that the trial court's order should be affirmed because no abuse of discretion can be shown due to Progressive's failure to provide a full record. Pamela further argues that Progressive's brief goes well beyond the issues at stake on appeal and the trial court's granting of the motion to stay was an appropriate exercise of its inherent authority, stating it "is clear the trial court had numerous reasons to justify its decision to stay this action." The response then addresses these "numerous reasons."

¶ 14    In reply, Progressive argues that the record on appeal was sufficiently complete, and this court should not presume that the trial court acted in conformity with the law. It argues that all of the pleadings at issue, as well as the trial court's judgment, were provided to this court and that is all that is necessary to determine that the trial court's order was an abuse of discretion.

¶ 15    "Generally, in an interlocutory appeal from an order granting a motion to stay proceedings, the scope of review is limited to an examination of whether the circuit court abused its discretion in granting the stay." *Health Care Service Corp. v. Walgreen Co.*, 2023 IL App (1st) 230547, ¶ 19. "A trial court abuses its discretion when its 'ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view.' " *Id.* (quoting *Universal Metro Asian Services Ass'n v. Mahmood*, 2021 IL App (1st) 200584, ¶ 26). The abuse of discretion standard "is the most deferential standard of review—next to no review at all—and is therefore traditionally reserved

5

for decisions made by a trial judge in overseeing his or her courtroom or in maintaining the progress of a trial." *In re D.T.*, 212 Ill. 2d 347, 356 (2004) (citing *People v. Coleman*, 183 Ill. 2d 366, 387 (1998)). We note, however, that this court has employed a *de novo* standard of review when the question presented to the circuit court involved only a question of law. See *LAS, Inc. v. Mini-Tankers, USA, Inc.*, 342 Ill. App. 3d 997, 1001 (2003).

¶ 16    Here, the parties agree that the proper standard of review is an abuse of discretion despite Progressive's claim that the trial court "ignored recognized principles of law." Under the abuse of discretion review standard, "a reviewing court does not decide whether it agrees with the circuit court's decision" (*Kaden v. Pucinski*, 263 Ill. App. 3d 611, 615 (1994)) but instead determines "whether there was a sufficient showing made to the trial court to sustain its order granting or denying the relief sought" (*Lindsey v. Board of Education of the City of Chicago*, 127 Ill. App. 3d 413, 418 (1984)).

¶ 17    "[T]he party seeking a stay bears the burden of proving adequate justification" for the stay. *Kaden*, 263 Ill. App. 3d at 615. This burden includes "showing that the benefits of the stay outweigh any potential harm that may accrue to the party against whom it is operative, and if there is a fair possibility that the stay will damage the opposing party, the party seeking the stay must make a clear showing of hardship or inequity from being required to go forward with the case." *Health Care Service Corp.*, 2023 IL App (1st) 230547, ¶ 21.

¶ 18    Here, as noted above, Progressive does not argue that Pamela failed to meet her burden of proof before the trial court. Instead, Progressive argues that the trial court ignored principles of law in granting Pamela's motion to stay. In support, Progressive argues that the principle of law ignored by the trial court was the *Peppers* doctrine, which provides that "it is generally inappropriate for a court considering a declaratory judgment action to decide issues of ultimate

6

fact that could bind the parties to the underlying litigation." *Allstate Insurance Co. v. Kovar*, 363 Ill. App. 3d 493, 501 (2006) (citing *Maryland Casualty Co. v. Peppers*, 64 Ill. 2d 187, 197 (1976)). In support, Progressive contends that the sole issue to be decided was whether the vehicle driven by Tori at the time of the collision was covered under the Progressive policy of insurance.

¶ 19    However, Progressive ignores the fact that Pamela's motion to stay raised additional issues addressed in *Peppers*. For example, *Peppers* states "that an insurer may be estopped from asserting a defense of noncoverage when the insurer undertakes the defense of an action against the insured." *Peppers*, 64 Ill. 2d at 195. It further states that "it is also the general rule that the undertaking must result in some prejudice to the insured." *Id.* Here, Pamela's motion for a stay of the proceedings alleged, *inter alia*, that Progressive had already hired counsel for Cara and Tori in the underlying suit and that granting Progressive's declaratory judgment would be prejudicial to them because their "defense has been to date exclusively controlled by counsel selected by Progressive." Pamela further alleged that Progressive did not allege that it advised Tori that it was going to provide a defense, assume all control, and still abandon Tori at a later inconvenient date. Pamela further argued that allowing Progressive's declaratory judgment also raised issues of a conflict of interest for counsel selected by Progressive because counsel's duty to Tori and Progressive may no longer be the same.

¶ 20    As noted by Pamela, Progressive failed to provide this court with a record of the proceedings as required by Illinois Supreme Court Rule 323 (eff. July 1, 2017). "A report of proceedings may include evidence, oral rulings of the trial judge, *a brief statement of the trial judge of the reasons for his decision*, and any other proceedings that the party submitting it desires to have incorporated in the record on appeal." (Emphasis added.) Ill. S. Ct. R. 323(a) (eff. July 1, 2017). Here, the trial court's order granted the motion and provided no basis for its decision.

7

Further, even if no verbatim transcript was available, Progressive failed to provide a bystander report (see Ill. S. Ct. R. 323(c) (eff. July 1, 2017)) that may have provided insight into the basis of the trial court's decision. Essentially, Progressive is asking this court to find the trial court's order granting Pamela's motion to stay was an abuse of discretion but fails to provide this court with the basis of the decision. As such, the record tendered for review is insufficient to determine *why* the court ruled as it did. In such situations, we must presume the court's action "was in conformity with the law and was properly supported by the evidence." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 393 (1984). This alone would require this court to affirm the trial court's order.

¶ 21 However, we further note that, while Progressive repeatedly argues that it was simply asking the court to find that the vehicle driven by Tori was not a listed vehicle on the policy, Progressive's prayer for relief states otherwise. The prayer for relief requested, *inter alia*, that the trial court enter a declaratory judgment stating that Progressive had no duty to defend or indemnify Cara, Tori, or Chemical Concepts, despite no evidence being submitted regarding Chemical Concepts. More specifically, no insurance policy was presented regarding the business and no verified facts were presented as to Tori's relationship with the company. While Progressive claimed the "Chemical Concepts issue" addressed during oral argument was a red herring, we disagree. Progressive's declaratory judgment petition specifically requested a finding of no coverage for Chemical Concepts. Without evidence regarding the policy at issue for Chemical Concepts, a declaratory judgment in favor of Progressive would be erroneous as matter of law, without even considering Tori's relationship, if any, with that company.

¶ 22 Finally, we note that at no time has Progressive argued that Pamela did not make the requisite showing to grant the motion to stay. As noted above, one of the numerous issues raised by Pamela included the argument that Cara and Tori would be prejudiced by a denial of her motion

8

to stay. "Prejudice will not be conclusively presumed from the mere entry of appearance and assumption of the defense." *Peppers*, 64 Ill. 2d at 196. However, if "by the insurer's assumption of the defense the insured has been inducted to surrender his [or her] right to control his [or her] defense, he [or she] has suffered a prejudice which will support a finding that the insurer is estopped to deny policy coverage." *Id.*

¶ 23 Here, the court's order reveals that the trial court granted Progressive's motion for default ruling against Cara and Tori. Again, with no record of the proceedings, we presume such action was "in conformity with the law and was properly supported by the evidence." *Foutch*, 99 Ill. 2d at 393. However, such ruling also reveals that no evidence was submitted by either Cara or Tori regarding the representation of counsel hired by Progressive in the underlying suit, or whether either party was induced to surrender their right to control their defense. As such, Pamela's allegation of prejudice was unchallenged—due to Progressive's motion—by the only parties who could have provided contrary evidence on that issue. We also note the record contains no evidence that Progressive's prejudice in being required to continue its duty to defend those parties outweighed any prejudice to either Cara or Tori.

¶ 24 Accordingly, based on the record presented or, more accurately, the lack of record presented, we cannot find that the trial court's order reveals that it " 'acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted' " (*Zurich Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 595 (1991) (quoting *In re Marriage of Aud*, 142 Ill. App. 3d 320, 326 (1986))). Accordingly, we hold that the trial court's order granting Pamela's motion to stay must be affirmed.

9

## III. CONCLUSION

For the reasons stated herein, we affirm the trial court's order granting Pamela's motion to stay.

Affirmed.