803 N.E.2d 997 (2004)
346 Ill. App.3d 77
281 Ill.Dec. 376
In re J.B. and D.B., Minors (The People of the State of Illinois, Petitioner-Appellee,
v.
Lacina B. and Albert B., Respondents-Appellants).
No. 1-03-0178.
Appellate Court of Illinois, First District, Fourth Division.
January 22, 2004.
*998 Richard A. Devine, State's Attorney of Cook County (Assistant State's Attorney's Renee Goldfarb, Nancy Kisicki and Janet Doyle, of counsel) and Patrick T. Murphy, Public Guardian of Cook County, (Charles P. Golbert and Gwendolyn M. Duffied, of counsel)., Chicago, for Appellees/Minors.
*999 Thomas J. Esler, Chicago (Thomas J. Esler, of counsel), for Appellants.
Presiding Justice QUINN delivered the opinion of the court:
Following a best interest hearing, the circuit court found respondents, Lacina B. and Albert B., to be unfit parents and terminated the parental rights to their children, J.B. (born August 4, 1997) and D.B. (born September 8, 1999). The court also held that it would be in the children's best interest that a guardian with the right to consent to their adoption be appointed. The court based its findings upon clear and convincing evidence which established that respondents were unfit pursuant to section 2-29 (705 ILCS 405/2-29 (West 2002) (section 2-29)) of the Juvenile Court Act of 1987(Act) and section 1(D)(q) (750 ILCS 50/1(D)(q) (West 2002)) of the Adoption Act. Respondents appeal, contending that the court erred by finding that termination of their parental rights was in the children's best interest. For the reasons that follow, we affirm the circuit court's judgment.

BACKGROUND
On April 24, 1998, J.B. was placed into protective custody after a medical examination of one of her siblings, Chantise, revealed that she sustained abrasions on her forehead and jaw and eight separate fractures of her hand and leg. Both respondents were charged criminally with aggravated battery of a child. Following a temporary custody hearing on April 28, 1998, the circuit court found probable cause that J.B. was abused and neglected and that it was a matter of immediate and urgent necessity to remove her from respondents' care pending an adjudicatory hearing. The court granted temporary custody of J.B. to the guardianship administrator of the Department of Children and Family Services (DCFS).
On February 1, 1999, the circuit court found that J.B. was neglected and abused due to an injurious environment and substantial risk of physical injury in violation of sections 2-3(1)(b) (705 ILCS 405/2-3(1)(b) (West 2002)) and 2-3(2)(ii) (705 ILCS 405/2-3(2)(ii) (West 2002)) of the Act.
On September 24, 1999, the State filed petitions for adjudication of wardship for both children. On the same date, the circuit court found that D.B. was neglected and abused and granted temporary custody of D.B. to DCFS. The court entered a second adjudication order for J.B. reflecting the same findings as the February 1, 1999, order.
Following a dispositional hearing on January 5, 2000, the circuit court adjudicated J.B. as a ward of the court and ruled that respondents were unable and unfit to care for her. The court appointed DCFS as her guardian.
An April 25, 2000 adjudicatory hearing resulted in a circuit court finding that D.B. was abused due to substantial risk of physical injury in violation of section 2-3(2)(ii) of the Act.
On June 5, 2000, following a dispositional hearing, the circuit court found that respondents were unable to care for D.B. and appointed DCFS as his guardian. The court also conducted a permanency hearing for J.B., which resulted in a permanency goal of return home pending status hearing.
Following a January 8, 2002, permanency hearing, the circuit court entered permanency orders for both children, which set goals of termination of parental rights because respondents failed to make reasonable or substantial progress towards reunification.
*1000 On May 6, 2002, the State filed supplemental petitions for appointment of a guardian with right to consent to adoption for both children and sought termination of respondents' parental rights. The petitions alleged that respondents were unfit because of their failure to: (1) maintain a reasonable degree of interest, concern or responsibility as to their children's welfare in violation of section 1(D)(b) (750 ILCS 50/1(D)(b) (West 2002)) of the Adoption Act and section 2-29 of the Act; (2) make reasonable efforts to correct the conditions that were the basis for the removal of the children within nine months after the adjudication or any nine-month period in violation of section 1(D)(m) (750' ILCS 50/1(D)(m) (West 2002)) of the Adoption Act; and (3) make reasonable progress toward the return of the children within nine months after adjudication or any nine-month period in violation of section 1(D)(m) of the Adoption Act and section 2-29 of the Act. In addition, the petition alleged that respondents were unfit under section 1(D)(q) of the Adoption Act and section 2-29 of the Act due to their criminal convictions for aggravated battery to a child.
On November 8, 2002, the circuit court granted the State's motion for summary judgment, finding respondents unfit pursuant to section 1(D)(q) of the Adoption Act and section 2-29 of the Act. The State withdrew all the remaining counts, in the petition.
On January 10, 2003, following a best interest hearing, the circuit court found termination of respondents' parental rights was in the best interest of both children. Respondents appeal.

ANALYSIS

I
Respondents initially argue that the circuit court abused its discretion by allowing and excluding certain hearsay evidence after stating that hearsay was not admissible at a best interest hearing. Citing sections 2-21(5)(iv)(B) and 2-22(1) (705 ILCS 405/2-21(5)(iv)(B), 2-22(1) (West 2002)) of the Act, respondents assert that hearsay evidence is admissible at both best interest and dispositional hearings.
The State and public guardian respond that, although some oral and written reports admitted under section 2-22(1) of the Act contain hearsay which may not be "competent for the purposes of the adjudicatory hearing, "the statute does not grant respondents the right to present any and all testimony, unhindered by the rules of evidence. The State and public guardian argue that, instead, section 2-22(1) provides the court with considerable leeway to admit evidence it believes would be "helpful" in determining the proper disposition. In addition, the public guardian cites In re J.G., 298 Ill.App.3d 617, 629, 232 Ill.Dec. 720, 699 N.E.2d 167 (1998) (J.G.), and In re M.S., 239 Ill.App.3d 938, 946, 179 Ill. Dec. 936, 606 N.E.2d 768 (1992) (M.S.), in support of its argument that improper hearsay testimony must be excluded from a parental rights termination proceeding.
The circuit court's decision to admit or deny evidence during a parental rights termination hearing is reviewed under an abuse of discretion standard. In re D.M.), 336 Ill.App.3d 766, 773, 271 Ill.Dec. 86, 784 N.E.2d 304 (2002) (D.M.). Under this standard, "the reviewing court must determine whether the circuit court ` "acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted."'" D.M., 336 Ill.App.3d at 772, 271 Ill.Dec.86, 784 N.E.2d 304, quoting Kaden v. Pucinski, 263 Ill.App.3d 611, 615, 200 *1001 Ill.Dec. 129, 635 N.E.2d 468 (1994), quoting Zurich Insurance Co. v. Raymark Industries, Inc., 213 Ill.App.3d 591, 594-95, 157 Ill.Dec. 655, 572 N.E.2d 1119 (1991).
Section 2-21(5)(iv)(B) provides that the circuit court "may terminate the parental rights of a parent at the initial dispositional hearing if * * * the court determines in accordance with the rules of evidence for dispositional proceedings, that * * * termination of parental rights and appointment of a guardian with the power to consent to adoption is in the best interest of the child pursuant to Section 2-29." 705 ILCS 405/2-21(5)(iv)(B) (West 2002). The pertinent portion of section 2-22(1) states, "[a]ll evidence helpful in determining [whether it is in the best interests of the minor and the public that he be made a ward of the court and the proper disposition best serving the health, safety and interests of the minor and the public], including oral and written reports, may be admitted and may be relied upon to the extent of its probative value, even though not competent for the purposes of the adjudicatory hearing." 705 ILCS 405/2-22(1) (West 2002).
Neither statute, however, provides that hearsay testimony is allowed during parental rights termination hearings. Instead, section 2-18(1) (705 ILCS 405/2-18(1) (West 2002)) of the Act states that "the rules of evidence in the nature of civil proceedings in this State are applicable to proceedings under this Article." In addition, Illinois courts have held that the rules of evidence to be applied in civil cases also apply to parental rights termination proceedings. See J.G., 298 Ill.App.3d at 629, 232 Ill.Dec. 720, 699 N.E.2d 167; M.S., 239 Ill.App.3d at 946, 179 Ill.Dec. 936, 606 N.E.2d 768. Accordingly, respondents' reliance upon sections 2-21(5)(iv)(B) and 2-22(1) of the Act in support of their argument that hearsay evidence is admissible at both a best interest or dispositional hearing is misplaced.
Although respondents contest numerous evidentiary rulings, they specifically challenge the exclusion of the following: (1) questioning of Megan Hammer, the children's caseworker, regarding whether she had asked respondents if they visited the children during a period that showed a gap in the visitation records from August 2000 to March 2001; and (2) questions concerning the deposition testimony of Etta Mae Lloyd, the paternal grandmother, with respect to whether respondents visited the children from August 2000 to March 2001.
Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. In re A.J., 296 Ill.App.3d 903, 916, 231 Ill.Dec. 34, 695 N.E.2d 551 (1998) (A.J.). Generally, hearsay is inadmissible unless it falls within a recognized exception. A.J., 296 Ill.App.3d at 916, 231 Ill.Dec. 34, 695 N.E.2d 551.
The instant record shows that, with respect to the exclusion of Hammer's testimony, respondents' counsel admitted the proffered statement was offered for the truth of the matter asserted and then stated that she would "move on." Hammer's statement was hearsay not subject to any recognized exception. No abuse of discretion was shown.
Considering respondents' claim of the improper exclusion of Lloyd's deposition testimony, respondents have not provided a citation to the record showing the circuit court's ruling on this testimony. Nevertheless, Hammer testified that respondents had told her they visited the children during the gap period in the visitation records. Respondents have failed to show that the court abused its discretion.
Respondents challenged 12 additional evidentiary rulings. In five instances, respondents misrepresented the record. *1002 For the remaining claims, respondents have failed to show an abuse of discretion. The, circuit court's rulings were in conformity with the law and supported by a sufficient factual basis.

II
Respondents next contend that the circuit court erred by finding that termination of their parental rights was in the best interest of the children. Respondents assert the evidence was insufficient to establish that termination of their rights was in the children's best interest.
The State and public guardian respond that the circuit court properly determined the termination of respondents' parental rights was in the best interest of the children.
The circuit court's findings warranting the termination of respondents' parental rights are subject to the manifest weight standard of review. D.M., 336 Ill. App.3d at 773, 271 Ill.Dec. 86, 784 N.E.2d 304. A decision is against the maianifest weight of the evidence and subject to reversal on appeal if the facts clearly demonstrate that the court should have reached the opposite result. D.M., 336 Ill.App.3d at 773. 271 Ill.Dec. 86, 784 N.E.2d 304.
Here, the circuit court found that the children have a stronger attachment to the foster mother than respondents. The record shows the children were in a safe and appropriate foster placement, with no signs of abuse or neglect. The court noted evidence showing it would be traumatic for the children to be removed from their foster home. The court also noted that a September 2002 bonding assessment did not recommend a return home goal for respondents. In addition, it is clear from the record that respondents cannot provide a home for J.B. and D.B. that would provide safety, security, health and love. In light of the record evidence, the court properly concluded that the children's need for a long-term, stable relationship outweighed the necessity for maintaining respondents' parental rights. Therefore, the court's termination of respondents' parental rights was not against the manifest weight of the evidence.
Accordingly, yielding all considerations to the best interest of the children (In re J.J., 307 Ill.App.3d 71, 77, 240 Ill.Dec. 252, 716 N.E.2d 846 (1999)), the decision of the circuit court of Cook County to terminate respondents' parental rights and appoint a guardian with the right to consent to adoption'is affirmed.
Affirmed.
HARTMAN and GREIMAN, JJ., concur.