**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230423-U

Order filed July 19, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| In re GUARDIANSHIP OF M.E., a minor, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| (Susan M. Borowski and Wayne K. Borowski, | ) | Du Page County, Illinois. |
| | ) | |
| Petitioners-Appellees, | ) | Appeal No. 3-23-0423 |
| | ) | Circuit No. 15-P-969 |
| v. | ) | |
| | ) | The Honorable |
| Jeremy Evans, | ) | Craig R. Belford |
| | ) | Judge, Presiding. |
| Respondent-Appellant.) | ) | |

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Brennan and Hettel concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Under the facts of this case, the trial court did not err or violate the appellant's constitutional rights by denying his motion for unsupervised parenting time or by requiring him to seek and obtain leave of court in person before making additional filings.

¶ 2     The appellant, Jeremy Evans, filed a motion seeking unsupervised parenting time with his minor child, M.E. Evans failed to timely appear at the hearing on the motion, and the trial court denied the motion. Based on Evans's filing history, the trial court also required him to obtain

leave of court by personally appearing in the courtroom before filing any similar pleadings. Evans appeals, and we affirm.

¶ 3                                              I. BACKGROUND

¶ 4          On May 31, 2023, Evans filed his sixteenth *pro se* motion for leave to file a motion seeking unsupervised parenting time with his minor daughter. The Borowskis, the minor's grandparents and plenary guardians, opposed that motion. On June 6, the trial court granted Evans leave to file his motion for unsupervised time. "At Jeremy Evans' insistence for a ruling on the Motion for Unsupervised Parenting Time, *instanter*," the trial court also "granted parenting time on Father's Day, 2023," and required that time to be supervised. A hearing on Evans's motion for unsupervised parenting time was set for August 17. Evans filed a renewed motion for unsupervised parenting time on July 7.

¶ 5          The August 17 hearing on Evans's pending motion began, but he was not present in the courtroom at that time. The record on appeal shows that the trial court "note[d] that Mr. Evans is not present this morning in person or on Zoom. The matter is set for 9:30. The time is 9:38." The proceeding continued, with the trial court hearing argument from counsel for the Borowskis, who were the plenary guardians of the minor, and the minor's co-guardians *ad litem* before it orally denied Evans's motion. In its written order, the trial court stated numerous reasons for its denial of the motion:

> "a. The Court has denied Jeremy Evan's last 16 pleadings seeking unsupervised parenting time;
>
> b. Jeremy Evans has alleged no new facts in support of the July 7, 2023 motion;
>
> c. Jeremy Evans' criminal history;
>
> d. Jeremy Evans' lack of contact with the minor child between supervised visits;

2

e. Jeremy Evan's inconsistency when supervised parenting time is granted; and

f. Jeremy Evan's disruptive and disrespectful behavior in courtroom."

¶ 6　　　　Moreover, after stating at the hearing that "this Court has previously held that Mr. Evans may not make any new filings contesting the guardianship without leave of court," the trial judge added another restriction in its written order, barring Evans "from filing any additional pleadings or motions seeking unsupervised parenting time without first seeking and obtaining leave of Court to do so." "To seek leave of Court to file any future pleadings seeking unsupervised parenting time, Jeremy Evans must first file a pleading seeking leave of court and must appear *in person in the courtroom* before the Court and be granted permission to move forward with any such pleading." (Emphasis in original.)

¶ 7　　　　In his appellate brief, Evans states that, on August 17, he "appeared in court 10 minutes later and when he walked in the courtroom, the trial court already ruled on the motion." The next day, he filed a motion for leave of court, seeking to be heard on his parenting time motion. In it, he alleged that he "was unable to appear in court on time on 8/17/ 2023 due to being pulled over in the Du Page County Courthouse parking lot for a misunderstanding that the respondents daughter, who is the mother of the minor, Molly Borowski caused. Due to her harassment to the petitioner, she illegally placed a revocation on Petitioners vehicle unbeknownst to the petitioner. Petitioner has paperwork to show the Court on why petitioner was late."

¶ 8　　　　On August 24, the trial court denied Evans's motion for leave to file, noting that he failed to comply with the August 17 order, which specifically required him to request leave "in person in the courtroom." The order stated that "Mr. Evans did not appear in person in the courtroom this morning [August 24] to present his Motion for Leave to File but instead, in direct violation of this court's August 17, 2023, order, attempted to log into the court's Zoom call to present said

3

Motion remotely. \*\*\* Because Mr. Evans' attempt to log into the Court's Zoom call to [*sic*] was in direct violation of this court's August 17, 2023, order, the Court did not admit Mr. Evans to the Zoom call." Because he "failed to appear in person in the courtroom to present his Motion for Leave to File, that Motion is DENIED." Evans timely appealed only the August 17, 2023, order.

¶ 9                                                        II. ANALYSIS

¶ 10        The issues Evans presents on appeal require us to consider whether the trial court properly denied his motion for unsupervised parenting time and required him to obtain leave of court during an appearance "in person in the courtroom" before he "fil[es] any additional pleadings or motions seeking unsupervised parenting time." Evans asserts that the applicable standard of review is abuse of discretion, citing *Zurich Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 594 (1991). As the court in *Zurich Insurance* explained, a court abuses its discretion when it acts arbitrarily, without applying judgment, or, in light of all the relevant facts, its ruling exceeds all reasonable limits and ignores fundamental legal principles, resulting in substantial prejudice. *Id.* at 594-95.

¶ 11        Evans argues that the trial court's August 17 order violated his due process right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." He further argues it was unconstitutional to bar him from filing "any pleadings when it comes to his God given right" to parent his child. He also broadly claims he was wrongfully denied any opportunity to exercise his first amendment right to speak or to prove that unsupervised parenting time was merited, citing 42 U.S.C. § 1981 (42 U.S.C. § 1981 (2018)).

¶ 12        In their appellate brief, the Borowskis request that this court strike a portion of Evans's brief "as it contains argument and recites information not necessary for the understanding of the case." "[S]triking an appellate brief, in whole or in part, is a harsh sanction and is appropriate

only when the violations of procedural rules hinder our review." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 15. Although Evans offers only broad outlines of his constitutional claims and sometimes includes arguments that extend beyond the scope of the trial court's August 17 order, we conclude that our review is not hindered.

¶ 13                                                    A.

¶ 14         In addressing the trial court's denial of Evans's motion for unsupervised parenting time, we note that the hearing on that motion had been completed, and the trial court had made its oral ruling, before Evans arrived in the courtroom. The trial judge stated during the hearing that Evans was not present in court at 9:38 a.m., despite the proceeding being scheduled to begin at 9:30 a.m. As the hearing proceeded, the court heard arguments from the Borowskis' counsel and the minor's co-guardians *ad litem* before making an oral ruling denying the motion. The trial court supported its determination by reciting several factors, many of which were included later in its written order. Those factors included Evans's failure to allege any new facts to support his oft-repeated visitation requests, the strong recommendations of the co-guardians *ad litem* that supervised visitation continue, Evans's extensive and continuing criminal history, his failure to contact the minor child outside of supervised visitation times and inconsistent follow-through at scheduled visits, as well as his "disruptive and disrespectful behavior" in court.

¶ 15         Without Evans present to prosecute his motion, we cannot say the trial court abused its discretion by acting arbitrarily or ignoring the law and facts in denying his motion. Accordingly, we affirm the denial of Evans's motion for unsupervised parenting time.

¶ 16         We note that Evans subsequently filed a motion seeking an opportunity to explain his absence from the August 17 hearing and to present his motion for unsupervised parenting time. The trial court denied that motion on August 24, 2023. We cannot, however, consider that matter

on appeal because the August 24 order was not included in Evans's notice of appeal. Therefore, it is not properly before us.

¶ 17                                                     B.

¶ 18        Evans next argues that the trial court violated his constitutional rights by barring him "from filing any future pleadings." That claim, however, misreads the trial court's order. The court did not bar Evans from making any additional filings or seeking additional relief. He was simply barred "from filing any additional pleadings or motions seeking unsupervised parenting time *without first seeking and obtaining leave of Court to do so*" (emphasis added) and was required to seek that leave by "appear[ing] *in person in the courtroom* before the Court" (emphasis in original). The trial court did not preclude Evans from making any additional filings; it simply established a procedure for him to follow. By following those procedures, he may be permitted to seek additional judicial relief.

¶ 19        Under the unusual circumstances here, the establishment of those procedures is not an abuse of the trial court's sound discretion. Although Evans asked that his August 18 motion over zoom, he does not argue in that proceeding or before this court that the filing restrictions imposed by the trial court are so onerous as to bar him from accessing justice. Indeed, the only rationales he cites to oppose the restrictions are that the Borowskis' counsel had added it merely "to inconvenience" him and that the Borowskis had not always been required to be present in court. Importantly, Evans did not claim that the filing restrictions actually prevented him from filing legitimate requests for unsupervised visitation.

¶ 20        "Settled law recognizes that trial courts possess 'inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." ' *Dietz v. Bouldin*, 579 U.S. 40, 45

(2016) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). [Indeed], the trial court may rely on its inherent authority to enter any orders necessary to prevent abuse or manipulation of the system. See, *e.g.*, *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 66 (1995) ('The recognition of the court's inherent authority is necessary to prevent undue delays in the disposition of cases caused by abuses of procedural rules, and also to empower courts to control their dockets.')." *Palos Community Hospital v. Humana Insurance Company, Inc.*, 2021 IL 126008, ¶ 35.

¶ 21    Here, Evans had filed 15 prior motions for unsupervised parenting time before the motion that was decided on August 17, and each of those prior motions had been denied. As the trial court noted, the motion heard on August 17 did not assert any new circumstances to justify a different outcome. Moreover, the filing procedures mandated in the trial court's August 17 order largely duplicated ones previously imposed to address Evans's repeated filings to contest the guardianship order. Under the unique facts of this case, we conclude that the trial court's order setting forth procedures for Evans to follow if he chooses to file additional requests for unsupervised visitation were not an abuse of discretion.

¶ 22                                    III. CONCLUSION

¶ 23    For the reasons stated, we affirm the order entered by the Du Page County Circuit Court on August 17, 2023.

¶ 24    Affirmed.