FIFTH DIVISION
December 14, 2007

No. 1-07-2035

| | | |
|---|---|---|
| CHB UPTOWN PROPERTIES, LLC, a Delaware Limited Liability Company; and CHB FINANCIAL PLACE, LLC, a Delaware Limited Liability Company, | ) ) ) | Appeal from the Circuit Court of |
| Plaintiffs-Appellees, | ) ) | Cook County |
| v. | ) ) | |
| FINANCIAL PLACE APARTMENTS, LLC, an Illinois Limited Liability Company; and ANTOIN REZKO, | ) ) ) | |
| Defendants-Appellants | ) ) | Honorable Barbara A. McDonald, |
| (Daniel Mahru, | ) ) | Judge Presiding. |
| Defendant). | ) | |

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Defendants Antoin Rezko and Financial Place Apartments appeal the trial court order which denied their motion to stay the instant proceedings in the circuit court of Cook County. In support of their contention that the court erred by refusing to stay the proceedings, defendants argue the following: (1) Rezko is under federal indictment and a stay is necessary to protect his fifth amendment rights; (2) Rezko will be severely prejudiced without a stay; (3) a stay will further the public interest and promote judicial efficiency; (4) plaintiffs will not be unduly prejudiced by a stay; (5) a stay is appropriate because the subject of the instant lawsuit and the subject of the federal indictment overlap; (6) a stay is justified even though the government is not a party to this

lawsuit; and (7) this case should be stayed against Financial Place because without Rezko's input and assistance, Financial Place is powerless to present a defense. We address each argument in turn. We review the trial court's denial of the motion to stay under the abuse of discretion standard. *Kaden v. Pucinski*, 263 Ill. App. 3d 611, 612 (1994).

## BACKGROUND

A federal grand jury returned two indictments against Rezko in the Federal District Court for the Northern District of Illinois on October 5, 2006. In United States v. Rezko, No. 06 CR 0729 (N.D. Ill. 2006), Rezko is charged with participating in a scheme to defraud and to obtain over $10 million dollars in loans from GE Capital Corporation (Loan Fraud Case). A superseding indictment added allegations regarding Rezko's sham purchases and transactions to defraud GE Capital corporation and named an additional defendant, Ali Ata. This case is pending before United States District Judge James Zagel as of the date the opinion in the instant case was filed.

In United States v. Levine, No. 06 CR 0691 (superseding indictment returned October 5, 2006), Rezko is charged with a scheme to defraud the beneficiaries of the Teacher's Retirement System (TRS) of the State of Illinois through solicitation and receipt of kickbacks and payments for the benefit of Rezko and others from investment firms seeking to do business with the TRS (Public Corruption Case). This case is set for trial before United States District Judge Amy St. Eve on February 25, 2008.

In the instant case, the two-count complaint against Financial Place, Rezko and Mahru alleges that Financial Place defaulted on a loan modification agreement (Agreement) and Rezko and Mahru individually breached a guarantee agreement (Guarantee) with plaintiff by failing to

pay Financial Place's indebtedness and the costs of collecting on the Agreement. Mahru is not a party to the instant appeal.

Plaintiffs are limited liability companies that loaned Financial Place $3,250,000 pursuant to a promissory note. The loan was guaranteed by Rezko and Mahru, the two members of Financial Place, under a guaranty of payment. The parties, on January 1, 2005, entered into a second amended and restated loan modification agreement in which Rezko and Mahru ratified and affirmed the terms of the guaranty of payment. Plaintiffs, on June 7, 2005, brought this action for breach of contract when Rezko, Mahru and Financial Place failed to make payments. Defendants Rezko and Financial Place moved for a stay on April 25, 2007.

Rezko argued that without a stay pending the outcome of his federal criminal cases, he would be forced to choose between his fifth amendment privilege against self-incrimination and the risk of losing his civil case should he choose to invoke his fifth amendment right to remain silent. Financial Place recognized that a business entity enjoys no fifth amendment privilege, but argued it could not "mount a defense in this litigation because [Rezko] will invoke both the fifth amendment and will be unavailable to aid [Financial Place's] defense."

After hearing oral argument, the trial court denied the stay for the following reasons: (1) there was no commonality of subject matter because the civil and criminal actions "do not involve the same transactions or the same parties, other than of course Mr. Rezko"; (2) both actions were not brought by the government; (3) the posture of the criminal proceeding reflects that criminal indictment is "on a totally different matter"; (4) a likelihood of wrongdoing or continuing wrongdoing is only one factor of the public interest inquiry; (5) the interest of the plaintiffs in

expeditious litigation weighs against a stay; and (6) there is no fraud claim but, rather, a strict breach of contract alleged and no evidence has been presented that the government plans to indict Rezko for other financial dealings that overlap with this civil proceeding, accordingly, Rezko is not prejudiced because his fifth amendment rights are not implicated. Defendants filed their notice of interlocutory appeal on July 20, 2007.

ANALYSIS

The right against self-incrimination is one of the most fundamental rights under the Constitution of the United States. A party has the right to invoke his fifth amendment privilege when involvement in a civil case may force him to involuntarily disclose information that could be used to implicate him criminally. *People ex rel. Hartigan v. Kafka & Sons Building & Supply Co.*, 252 Ill. App. 3d 115, 119 (1993). *10-Dix Building Corp. v. McDannel*, 134 Ill. App. 3d 664, 672 (1985).

In determining the propriety of a stay, the court may consider factors including, but not limited to the following: (1) the posture of the criminal proceeding; (2) the interests of and burdens on defendant, including the extent to which defendant's fifth amendment rights are implicated if a stay is denied; (3) the effect on the public interests at stake if a stay were issued; (4) the plaintiff's interest in expeditious resolution of the civil case and any prejudice to plaintiff in not proceeding; (5) whether the criminal and civil actions involve the same subject matter; and (6) whether both actions were brought by the government. See *Jacksonville Savings Bank v. Kovak*, 326 Ill. App. 3d 1131, 1136 (2002). A court may also take into consideration the need to manage its docket and the efficient use of its judicial resources. *Jacksonville Savings Bank*, 326 Ill. App.

3d at 1136.

The party seeking the stay has the burden of proving adequate justification for it. *Zurich Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 595 (1991). The issue in the instant case is whether the trial court abused its discretion in denying defendants' motion for a stay of proceedings. *Kaden v. Pucinski,* 263 Ill. App. 3d 611, 612 (1994).

### A. Defendant Rezko's Fifth Amendment Rights

Defendants argue that because Rezko is under federal indictment, a stay is necessary and appropriate to protect Rezko's fifth amendment rights. Defendants contend that "[i]f a civil proceeding might undermine a party's fifth amendment rights, deferring that proceeding is both 'necessary and wise,' and a trial court should give this factor substantial weight."

In support of this argument, defendants rely on two cases involving Rezko in which proceedings have been stayed. In Papa Johns International, Inc. v. Rezko, No. 04 C 3131, slip op. at 1 (March 2, 2007) (*Papa Johns*) United States District Judge Moran, in granting the stay, noted that "the two [civil and criminal] actions, in substantial respects, involve the same subject matter." However, in the instant case, the record reflects the federal indictments are unrelated to the civil contract case at issue.

The second case involving Rezko relied upon by defendants is Massuda v. Rezko, Case No. 06 L 3510 (Cir. Ct. Cook Co.) (*Massuda*), which is pending in the circuit court. The stay regarding Rezko in the *Massuda* case is based on the significant overlap between the issues in *Massuda* and the issues in the criminal Loan Fraud Case pending in federal court. This overlap was recognized in the *Massuda* case by Judge Burke in his March 28, 2007, order which reflects

that "the allegations of this indictment [the Loan Fraud Case] have been incorporated into Plaintiff's Second Amended Complaint, specifically pages 8-9, and Count VIII (fraud against Rezko), pages 28-31." Incorporating the allegations from the federal indictment into the second amended complaint as noted in Judge Burke's order created "a significant overlap between the criminal case and case *sub judice*."

In the instant case, plaintiffs' contract complaint against defendants is completely unrelated to the entities or transactions in the federal cases. The trial court considered whether there was any overlap between the federal cases and the instant contract case. Based on the record, we find no abuse of discretion by the circuit court's determination that there was no overlap and, accordingly, no danger of a fifth amendment violation.

### B. Rezko Will Not be Severely Prejudiced Without a Stay

Defendants argue that "Rezko has already indicated in his lower-court filings that he believes it may be appropriate to assert his Fifth Amendment rights to the allegations in this case." However, the record reflects no reason why Rezko's assertion of his fifth amendment privilege would be proper. The record does not reflect how Rezko's testimony in oral discovery would incriminate him. Moreover, the government, at either the state or federal level, has demonstrated no interest in the instant case. The government has not sought to intervene or attempted to gain access to any discovery responses from plaintiffs or any other source.

Based on our review of the record, the circuit court did not abuse its discretion.

### C. Promote Public's Interest and Judicial Efficiency

We are mindful that the circuit court acknowledged that there was "no reason" to find that

6

the kind of public harm contemplated by law would occur if the stay were granted and concluded that this factor "weighs in favor of the stay." Accordingly, this issue is not in dispute.

Defendants further argue that a stay will promote judicial efficiency by eliminating the duplication of "efforts of both the parties and the Court" and by eliminating a drain on judicial resources if repeated challenges to Rezko's fifth amendment arguments need be adjudicated. The record does not disclose that any discovery which overlaps with the federal criminal cases has been requested in the instant case. Accordingly, the record does not reflect judicial resources will be drained or judicial efficiency impacted by denying a stay of the proceedings.

### D. Prejudicial Impact of Stay on Plaintiffs

Defendants argue that "[w]hile a plaintiff certainly has an interest in expeditious litigation, this reason alone has specifically and repeatedly been held insufficient to deny a stay." That argument ignores the fact that while the trial court considered the interest of plaintiffs in the instant case in expeditious litigation, that interest was just one of several factors which supported the decision to deny a stay. The court did not rely on that reason alone but, rather, took into consideration various factors as articulated in its ruling after hearing oral argument regarding the issue of staying the proceedings.

Defendants further argued that "[c]ontinuing financial damage is simply not a unique enough injury to overcome a defendant's interest in the fundamental Constitutional privilege against self-incrimination." The record reflects the trial court gave proper consideration to defendant Rezko's fundamental Constitutional privilege against self-incrimination, but found no fifth amendment concerns because the civil and federal criminal cases were unrelated.

7

### E. Subject Matter Overlap

Defendants argue the subject matter of the instant case and the federal criminal cases overlaps. In support of that argument, defendants contend that it is "more than a mere possibility that Rezko's testimony regarding his business practices in connection with this case could be used against him by the government, either in its investigation or at trial."

The circuit court rejected the argument by defendants that there was a connection between the instant case and the federal criminal cases. The record supports that conclusion. The instant case involves plaintiffs' allegation of breach of contract by defendants. The issue in the Loan Fraud Case is whether Rezko made misrepresentations, caused documents to be created and used sham corporations to defraud GE Capital Corporation. The indictment in the Loan Fraud Case in no way refers to any of the plaintiffs in the instant case, the corporate defendant in the instant case or the contract between plaintiffs and defendants. Moreover, the instant case does not involve GE Capital Corporation or Rezko Enterprises. The Public Corruption Case is similarly unrelated.

Defendants further argue that the trial court's determination that the Loan Fraud Case and the instant case were unrelated "colored the court's" analysis of the other factors to be considered in determining the issue of whether a stay should be granted. The record does not support that argument. Rather, the record reflects the circuit court gave careful consideration to appropriate factors in denying the stay.

### F. Stay Justified Even Though Government Is Not a Party

Defendants argue that "the trial court ignored entirely the numerous cases in which courts have granted stays even where the government was not a party to the civil proceeding." In the

factual context of the instant case, the record reflects the trial court considered the fact that the government was not a party to the instant case. That fact was one of several factors properly considered by the trial court in denying the stay.

### G. No Error in Denying Stay to Financial Place

Defendants argue that the case should be "stayed as against Financial Place as well as Rezko because without Rezko's input and assistance, Financial Place is powerless to present a defense in this civil matter." In support of that argument, defendants rely upon the following cases. *United States v. All Meat & Poultry Products*, No 02 C 5145 (October 3, 2003); *American Express Business Finance Corp. v. RW Professional Leasing Services Corp.*, 225 F. Supp. 2d 263, 265-66 (2002); *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 41 (S.D.N.Y. 1993); *Bruner Corp. v. Balogh*, 819 F. Supp. 811, 816 (E.D. Wis. 1993). We are mindful that in those cases corporate defendants have been able to obtain a stay because the criminal and civil matters overlapped. However, in the factual context of the instant case, we do not find the above-noted cases instructive. Unlike the cases relied upon by defendants, in the instant case, there is no overlap or similarity of issues between the civil and criminal cases.

### CONCLUSION

It is not disputed by the parties that in determining whether to grant a stay the following factors are to be considered: (1) the posture of the criminal proceeding; (2) the interests of and burdens on defendants, including the extent to which defendants' fifth amendment rights are implicated if a stay is denied; (3) the effect on the public interests at stake if a stay were issued; (4) the plaintiff's interest in expeditious resolution of the civil case and any prejudice to plaintiff in

9

1-07-2035

not proceeding; (5) whether the criminal and civil actions involve the same subject matter; and (6) whether both actions were brought by the government. See *Jacksonville Savings Bank v. Kovak*, 326 Ill. App. 3d 1131, 1136 (2002).

Based on our review of the record, we conclude the trial court gave proper consideration to appropriate factors in denying the stay. There was no abuse of discretion. For the reasons previously discussed, we affirm the trial court's decision and order on June 29, 2007, denying defendants' motion to stay the proceedings.

Affirmed.

FITZGERALD SMITH, P.J., and GALLAGHER, J., concur.

1-07-2035