2020 IL App (1st) 200654-U

THIRD DIVISION
September 30, 2020

No. 1-20-0654

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| VICTIM A, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 L 4999 |
| | ) | |
| CHUNG SONG, M.D., | ) | Honorable |
| | ) | Joan Powell and |
| Defendant-Appellant. | ) | Patrick J. Heneghan, |
| | ) | Judges Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Justices Ellis and Burke concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Defendant could not seek review of the underlying merits of a proceeding under the limited scope of review permitted by Illinois Supreme Court Rule 307(a)(1). Moreover, defendant failed to provide any reviewable basis to support his claim that the court's denial of his motion to stay was an abuse of discretion, and accordingly, that argument was forfeited on appeal.

¶ 2   This appeal arises from post-trial matters following a jury verdict in favor of plaintiff, Victim A, and against defendant, Chung Song, M.D., for $300,000. Substantial post-trial litigation ensued regarding whether defendant was jointly and severally liable to plaintiff for that amount,

or only severally liable with a third-party defendant. The circuit court concluded that defendant was jointly and severally liable and entered a memorandum of judgment to that effect. Defendant, however, filed a motion to reconsider, and requested that the court stay execution of the memorandum of judgment pending its decision on defendant's motion to reconsider entering the memorandum of judgment. The court denied defendant's motion to stay, and defendant appealed pursuant to Illinois Supreme Court Rule 307(a)(1), which provides that an appeal may be taken from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Jan. 1, 2016).

¶ 3    This court will set out the relevant facts as necessary to provide context and resolve this appeal.

¶ 4    The record shows that plaintiff filed a two-count complaint against defendant on May 17, 2017, and an amended two-count complaint on December 26, 2017. Plaintiff alleged that defendant is a licensed medical doctor practicing in Chicago, and that plaintiff was a patient under his care. Plaintiff further alleged that in July of 2016, defendant left plaintiff's medical records open in defendant's clinic, which allowed those medical records to be photographed by another patient, Charon Harper, who subsequently posted plaintiff's medical records on a social media website. Plaintiff alleged that defendant's actions amounted to negligence and invasion of privacy.

¶ 5    The matter proceeded to a jury trial before Judge Joan Powell in May 2019. After hearing the evidence, the jury returned a verdict for plaintiff and against defendant for negligence in the amount of $300,000. Judgment was entered on the verdict on May 28, 2019.

¶ 6    Meanwhile, on February 20, 2018, defendant filed a two-count third-party complaint for contribution pursuant to the Contribution Act, 740 ILCS 100/0.01 *et seq.*, against Charon Harper, for negligence and intentional tort. Defendant alleged that it was Harper who photographed and

2

disseminated plaintiff's medical records, and that she did so without defendant's knowledge. Defendant alleged that if plaintiff prevailed in her action against defendant, defendant was entitled to receive contribution from Harper based on Harper's relative degree of fault.

¶ 7     Harper failed to appear, and she was found in default on November 19, 2018.

¶ 8     On June 11, 2019, after the conclusion of the jury trial, Judge Powell held a hearing for prove-up on the third-party complaint against Harper. Counsel for defendant stated, without identifying the authority upon which counsel was relying, that depending on the percentage of liability apportioned between defendant and Harper, it would "affect [defendant's] ultimate responsibility to the Plaintiff *** on the verdict." The court questioned that assertion, stating that it did not "think that that would negate the jury verdict against [defendant]." The court further indicated its belief that plaintiff did not have standing to participate in the hearing on the third-party complaint. Counsel for plaintiff, who was in attendance, also confirmed that he was "told I had no standing." The court asked counsel for defendant if the suggestion that the jury award could be affected by the court's order would "give [plaintiff] standing now to intercede in this and comment on this." Counsel for defendant stated that plaintiff had not moved to intercede, and nonetheless that "this is a separate case. This is [defendant]'s case again[st] Charon Harper." The court agreed that the third-party complaint was "a separate case" and the court did not "see how my determining what [defendant] can pursue from Charon Harper is going to diminish his liability to the Plaintiff." Counsel for defendant reiterated that "depending what the percentage that you say, that could affect the damages that the jury awarded to" plaintiff. The court then stated that counsel for defendant's "recommendation" was "90 percent, that Charon Harper is 90 percent liable in this case" and the court agreed with that percentage.

¶ 9    The court then read through various sections of the Joint Tortfeasor Contribution Act, specifically that " 'where two or more persons are subject to liability [in] tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.' " The court then stated, "Okay. So I've got that against Charon Harper. A judgment had not been entered against her." The court next read that a " 'plaintiff's right to recover the full amount of his judgment from any one or more defendants, subject to liability [in] tort for the same injury to person or property, or [for] wrongful death, is not affected by the provisions of this Act.' " The court then stated:

> "That's where we are with this. So, by the third-party complaint here, [defendant] is asking the Court to determine the amount that Charon Harper is liable for in his suit for contribution for her intentional tort under Count II.
>
>    So now that I've read this part of the Act, *** this is a separate action, so *** I'm thinking that [plaintiff] do[es] not have standing to be involved in this determination today, which is a prove-up of Charon Harper."

¶ 10    Following the hearing, the court entered a written order on the prove-up, finding that Harper "is 90% at fault for contribution and [defendant] is 10% at fault plus court costs."

¶ 11    Thereafter, on July 2, 2019, defendant, through his insurer, tendered a check in the amount of $30,658.00 to plaintiff, apparently claiming the amount to be full satisfaction of his obligation to plaintiff.

¶ 12    That same day, plaintiff filed a notice of citation and citation to discover assets against defendant, noting that a judgment of $300,000 had been entered against defendant, and $270,000 plus judgment interest remained unsatisfied. The matter was assigned to Judge Patrick J. Heneghan

4

in the Tax and Miscellaneous Remedies section of the Law Division, not Judge Powell, who had primarily presided over the matter thus far.

¶ 13　On July 25, 2019, defendant filed a motion to dismiss the citation to discover assets, claiming he satisfied the judgment. On August 9, 2019, defendant filed a memorandum of law in support of his motion to dismiss. Defendant alleged that, based on the Court's ruling on June 11, 2019, defendant was only severally liable for the judgment rendered against him by operation of Section 2-1117 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1117 (West 2018)), which provided the following:

"in actions on account of bodily injury or death or physical damage to property, based on negligence, *** all defendants found liable are jointly and severally liable for plaintiff's past and future medical and medically related expenses. Any defendant whose fault, as determined by the trier of fact, is less than 25% of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendant except the plaintiff's employer, shall be severally liable for all other damages. Any defendant whose fault, as determined by the trier of fact, is 25% or greater of the total fault attributable to the plaintiff, the defendants sued by the plaintiff, and any third party defendants except the plaintiff's employer, shall be jointly and severally liable for all other damages."

¶ 14　Defendant alleged that because plaintiff did not appeal the July 11, 2019 order, defendant's several liability for the obligation to plaintiff was "law of the case."

¶ 15　Plaintiff responded to the motion to dismiss the citation to discover assets on September 12, 2019. Plaintiff alleged that the third-party contribution claim against Harper was separate from plaintiff's case, and did not "affect in any way what [defendant] owes plaintiff." Plaintiff pointed

out that Section 2-1117 "does not apply to intentional torts and only applies to cases of bodily injury," neither of which applied in this case, where Harper committed an intentional tort and where plaintiff did not suffer a bodily injury. Plaintiff also contended that the June 11, 2019 order on defendant's third-party contribution claim did not find him only severally liable, reduce defendant's liability to plaintiff, or refer to Section 2-1117 in any way. Plaintiff further alleged that defendant did not appeal the judgment of May 28, 2019 on the jury verdict, and accordingly, it became final and enforceable for the entire $300,000.

¶ 16     On January 10, 2020, plaintiff filed a motion for entry of a memorandum of judgment pursuant to 735 ILCS 5/12-101, attaching the jury verdict and the order entering judgment on the jury verdict. This motion was filed before Judge Powell.

¶ 17     At a hearing on January 17, 2020, the parties argued about the amount of defendant's obligation to plaintiff, and the applicability of section 2-1117. Judge Powell indicated that her understanding when entering the order was that it was a contribution claim against Harper where defendant "c[ould] seek 90 percent of that from Charon Harper." Judge Powell noted specifically that she had "d[one] [the third-party claim] separately and I said that Plaintiff did not have standing [to participate in that claim]." The court continued the matter, noting that it first wanted to wait until Judge Heneghan issued his order in the proceeding involving plaintiff's citation to discover assets.

¶ 18     On February 4, 2020, Judge Heneghan entered an order finding that there had been no final judgment entered in the underlying matter, and that, therefore, the citation to discover assets was premature. The court concluded that the May 28, 2019 order was not final because it did not resolve all claims against all parties, where the third-party complaint was not yet resolved. Likewise, the

June 11, 2019 order also was not final because it did not set out "specific monetary judgment(s) against [defendant] and, if applicable, Harper." The court noted that neither plaintiff nor defendant

"c[ould] point to a judgment entered after the Court concluded all proceedings before the court that (a) expressly embodies their respective positions or (b) reconciles the two orders entered by the Court on May 28, 2019 and June 11, 2019. Instead, both parties invite this Court to interpret what the ultimate 'final judgment' should be."

Accordingly, Judge Heneghan "le[ft] it to the parties to secure the entry of the final judgment," from Judge Powell, expressed "no view about the applicability or impact, if any, of section 2-1117," and dismissed the citation to discover assets without prejudice.

¶ 19    Thereafter, the case appeared before Judge Powell on February 24, 2020. The parties continued to argue about whether section 2-1117 applied to the matter, and whether defendant was jointly and severally liable to plaintiff, or only severally liable. The court reviewed section 2-1117 and stated, "That's not this case. This is not a bodily injury, death, or physical damage to property. *** Okay. Section *** 2-1117 of the code does not fit the facts of this case. So what I have here is joint and several liability." In response to defendant's argument that he was only severally liable to plaintiff, Judge Powell stated:

"But [ordering several liability] [wa]s not what I did. I kept saying over and over again this is a separate action. Plaintiff did not have standing. You could never do that if you're—even if it did apply, even if 5/2-1117 did apply, I don't think I could do that and say that [plaintiff] didn't have standing to come in and participate in that. *** So what I've got is the jury awarded three hundred thousand plus costs to the plaintiff."

¶ 20    Defendant, however, stated that section 2-1117 operates by "legal effect," and by finding defendant less than 25% at fault, the court decided that he was only severally liable for the judgment to plaintiff. The court continued the matter to March 16, 2020 for ruling.

¶ 21    On March 16, 2020, the parties appeared in court for ruling. Judge Powell stated that at the hearing on the third-party complaint, defendant proposed that Harper was 90 percent at fault and defendant was 10% at fault, "and I agreed to that. That does not mean that [defendant] does not owe [plaintiff] [$]300,000 plus costs. This is not a several liability case. This is – [defendant] is on the hook, so to speak to the plaintiff for $300,000 plus costs." The court further confirmed its finding that Section 2-1117 did not apply. Defense counsel asked the court, "Judge, if I may, I just – so the ruling today is that you're going to enter the memorandum of judgment, correct?" The court responded, "Yes."

¶ 22    On March 30, 2020, defendant filed a combined motion "to reconsider granting the memorandum of Judgment on March 16, 2020; [or] in the alternative, to certify question[s] of law pursuant to Illinois Supreme Court Rule 308, and to stay the filing of any liens to [defendant]'s real property." Defendant requested the court reconsider granting the memorandum of judgment pursuant to Section 2-1203 of the Code. Defendant alleged that the court's order was erroneous, and that the court was effectively "revers[ing] its own ruling from June 11, 2019," which defendant claimed was "final and appealable," but had not been appealed by plaintiff. Defendant further alleged that section 2-1117 applied to the case because plaintiff's emotional distress could be considered a physical injury.

¶ 23    In the alternative, defendant requested that the court certify two questions for interlocutory appeal pursuant to Illinois Supreme Court Rule 308—specifically, whether the circuit court "ha[d] jurisdiction to modify a final judgment order concerning the applicability of 735 ILCS 5/2-1117

after the time for appeal ha[d] expired" and whether "the injuries testified to by Plaintiff qualif[ied] as 'bodily' injury under 735 ILCS 5/2-1117." Finally, defendant requested that the court stay any filing of a lien against defendant's property "until (1) this Court rules upon [defendant]'s motion to reconsider and/or (2) the Appellate Court resolves the proposed certified questions of law." Defense counsel stated that defendant was "over 80 years old" and that the "filing of [a] lien against his home under the current circumstances would be unfair unless and until it is determined that his liability is definitively not limited to 10% of the $300,000 judgment." Defense counsel further alleged that filing of a lien against defendant's property was not "just or warranted in this circumstance where [defendant] is covered by a policy of insurance well over the judgment amount."

¶ 24    On April 2, 2020, the parties appeared via teleconference before the court, as a result of the courts being on lockdown due to the Covid-19 crisis. The court agreed to enter the memorandum of judgment *nunc pro tunc* to March 16, 2020. Defendant's counsel stated that he had "filed a motion to stay" and counsel was asking that plaintiff not be allowed to "take this order to the Recorder of Deeds while this motion to reconsider is pending." Counsel for defendant stated that he "underst[oo]d, you made your ruling that this was not a case pursuant to 2[-]1117. We disagree with you, that's why we filed the motion to reconsider. We're asking you to stay the allowment [sic] of attaching a lien to an 80-year old doctor's house while our motion to reconsider is pending; and we have every right to file a motion to reconsider." The court reiterated that the June 11, 2019 order was not to "take away a jury award against the plaintiff." In the "context of what was before [the court], what was being asked, and what [the court] responded to[,] I did not reduce the jury verdict."

9

¶ 25 Thereafter, on April 10, 2020, the court entered the written memorandum of judgment in favor of plaintiff and against defendant in the amount of $300,000. On that same day, the court entered a separate written order stating that the memorandum of judgment was entered "*nunc pro tunc* to March 16, 2020." The court also ordered that defendant's motion to stay entry of the memorandum of judgment, and motion to certify questions pursuant to Supreme Court Rule 308, were denied. The court set a briefing schedule on defendant's March 30, 2020, motion to reconsider granting the memorandum of judgment.

¶ 26 On April 27, 2020, defendant filed a notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(1), "from the order entered by Circuit Court Judge Joan Powell *** on April 10, 2020 denying Defendant's motion to stay Plaintiff from filing a lien against Defendant's real property." Defendant requested that "the April 10, 2020 order, and all orders leading up and contributing thereto, be reversed and vacated."

¶ 27 In this court, defendant raises two issues. He contends that the denial of his motion to stay was erroneous because the circuit court "lacked jurisdiction to amend the final and appealable order of June 11, 2019." Defendant also contends that the court erred in refusing to enter a stay because he is "less than 25% at fault" and, accordingly, is only "severally liable for the $300,000 jury verdict" pursuant to Section 2-1117.

¶ 28 Our jurisdiction to hear an appeal is confined to reviewing appeals from final judgments unless the appeal comes within one of the exceptions for interlocutory orders specified by the supreme court rules. *Johnson v. Northwestern Memorial Hospital*, 74 Ill. App. 3d 695, 697 (1979). Defendant contends that jurisdiction arises under Illinois Supreme Court Rule 307(a)(1), which grants appellants the right to appeal—and provides this court with authority to review—only certain, specified interlocutory orders entered by a circuit court. Ill. S. Ct. R. 307(a)(1) (eff. Jan. 1,

10

2016). Specifically, Rule 307(a)(1) provides that an appeal may be taken from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." *Id*.

¶ 29 It is well settled that the denial of a motion to stay proceedings may be treated as a denial of a request for a preliminary injunction, and may form the basis for an interlocutory appeal pursuant to Supreme Court Rule 307(a)(1). *Lundy v. Farmers Group, Inc.*, 322 Ill. App. 3d 214, 216 (2001); *Hastings Mutual Insurance Co. v. Ultimate Backyard, LLC,* 2012 IL App (1st) 101751, ¶ 28 (noting that an order granting or denying a stay is generally considered injunctive in nature, and is appealable under Rule 307(a)(1)). However, "our supreme court has made clear [that] the language of an order does not determine whether it may be appealed." *In re Marriage of Molloy*, 407 Ill. App. 3d 987, 992 (2011), citing *In re A Minor,* 127 Ill. 2d 247, 260 (1989). Even where the language of a written order indicates that the court is granting or denying injunctive relief, this court must determine whether such relief was actually granted or denied by the challenged order. *Molloy*, 407 Ill. App. 3d at 992-93. Whether an order falls within the ambit of Rule 307(a)(1) is determined by the substance of the action and not the form of the order. *In re A Minor*, 127 Ill. 2d at 260 ("An apple calling itself an orange remains an apple"); *Mulligan v. Keene Corp. Smith v. Goldstick*, 110 Ill. App. 3d 431, 437 (1982).

¶ 30 Defendant's framing of the issues raised in this appeal demonstrates that the bulk of his challenges concern subjects we lack jurisdiction to review. Defendant's position before the circuit court and this court is that he is only severally liable for the $300,000 judgment to plaintiff, that the circuit court implicitly decided that he was only severally liable, and that the court did not have authority to "amend" that ruling. Although defendant attempts to define his issues as challenges to

the denial of his motion to stay, the only basis given for why the court erred in denying the motion to stay is that the court erred in adjudging the underlying merits of the proceeding.

¶ 31    Despite facially appealing the order denying his motion to stay, defendant is actually seeking review of the underlying merits of the action—specifically, whether the circuit court properly found that he was jointly and severally liable to plaintiff. However, "[t]he flaw in this strategy is that it overlooks the limited scope of review on a Rule 307(a)(1) appeal." *Postma v. Jack Brown Buick, Inc.,* 157 Ill. 2d 391, 399 (1993). In an appeal pursuant to Rule 307(a)(1), the only question properly before the reviewing court is whether there was a sufficient showing made to the trial court to sustain its order granting or denying the interlocutory relief sought. *Hartlein v. Illinois Power Co.,* 151 Ill. 2d 142, 157 (1992). It is well established that Rule 307(a)(1) may not be used as a vehicle to determine the merits of a plaintiff's case. *Mohanty v. St. John Heart Clinic, S.C.,* 358 Ill. App. 3d 902, 905 (2005); *Carr v. Gateway, Inc.*, 395 Ill. App. 3d 1079, 1084 (2009), *aff'd*, 241 Ill. 2d 15 (2011); *Bishop v. We Care Hair Development Corp.,* 316 Ill. App. 3d 1182, 1189 (2000) ("Where an interlocutory appeal is brought pursuant to Rule 307(a)(1), controverted facts or the merits of the case are not decided."); *Buzz Barton & Associates, Inc. v. Giannone*, 108 Ill. 2d 373, 386 (1985); *Yates v. Doctor's Associates, Inc.*, 193 Ill. App. 3d 431, 437 (1990); see also *Murges v. Bowman,* 254 Ill. App. 3d 1071, 1081 (1993) ("[E]ven when this court has jurisdiction under Rule 307 to review an order, it does not have jurisdiction to review findings of fact which do not affect the specific remedies for which the appeal is allowed."). " 'An appeal under Rule 307 does not open the door to a general review of all orders entered by the trial court up to the date of the order that is appealed.' " *Murges,* 254 Ill. App. 3d at 1080, quoting *Panduit Corp. v. All States Plastic Manufacturing Co.,* 84 Ill. App. 3d 1144, 1151, (1980); see also *Olympic Federal v. Witney Development Co.,* 113 Ill. App. 3d 981, 984 (1983). Accordingly, Rule 307(a)(1)

does not provide us with jurisdiction to review the circuit court's substantive decision on defendant's obligations to plaintiff. *Postma,* 157 Ill. 2d at 399 ("the rule may not be used as a vehicle to determine the merits of a plaintiff's case"); see also *Santella v. Kolton,* 393 Ill. App. 3d 889, 901 (2009) (appellate court "must determine whether each aspect of the circuit court's order appealed by defendant is subject to review under Rule 307(a)(1)"). In these circumstances, the relief sought by defendant is not injunctive, but is in the nature of a final order disposing of an issue in controversy, namely, his obligation to plaintiff on the jury verdict.

¶ 32    As stated, the only issue in an appeal pursuant to Rule 307(a)(1) is "whether there was a sufficient showing to sustain the order of the trial court granting or denying the relief sought." *Hartlein,* 151 Ill. 2d at 157. The propriety of a stay is dependent upon the circumstances of the particular case, and the traditional stay factors contemplate individualized judgments in each case. *Indiana State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009). The grant of a preliminary injunction is an extraordinary remedy, and courts do not favor their issuance. *People ex rel. Madigan v. Excavating & Lowboy Services, Inc.,* 388 Ill. App. 3d 554, 565 (2009). A party seeking a preliminary injunction must show: (1) a clearly ascertainable right needing protection; (2) irreparable harm will occur without the injunction; (3) no adequate remedy at law exists; and (4) there is a substantial likelihood of success on the merits of the underlying action. *Rochester Buckhart Action Group v. Young*, 379 Ill. App. 3d 1030, 1034 (2008); see also *Hartlein,* 151 Ill. 2d at 156; *Zurich Insurance Co. v. Raymark Industries, Inc.*, 213 Ill. App. 3d 591, 595 (1991) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)) ("[A] party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative. [Citation.] Thus [the party seeking a stay] must 'make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that

the stay for which he prays will work damage to someone else.' "). In determining whether to stay proceedings, the circuit court also has discretion to consider factors such as the "orderly administration of justice and judicial economy," as well as its inherent authority to control the disposition of the cases before it. *Estate of Bass,* 375 Ill. App. 3d 62, 68 (2007); *Philips Electronics, N.V. v. New Hampshire Insurance Co.,* 295 Ill. App. 3d 895, 901-02 (1998). This court reviews the trial court's decision to deny a stay for an abuse of discretion. *State Farm Fire & Casualty Company v. John*, 2017 IL App (2d) 170193, ¶ 18.

¶ 33    To the extent that defendant's appeal is a challenge the denial of a stay, rather than merely a challenge to the underlying merits of the action, defendant has not provided this court with any argument or authority relating to the above guidelines from which we could review that claim. In defendant's entire appellant's brief, he cites two cases relating to the review of a circuit court's decision on a motion to stay. Defendant fist cites *Zurich Insurance Co.*, 213 Ill. App. 3d at 594-95, for the standard of review applicable to a circuit court's decision to grant or deny a stay, specifically that in reviewing for an abuse of discretion, this court does not decide whether it agrees with the circuit court's decision, but rather determines whether the circuit court "acted arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted." See also *State Farm Fire & Casualty Company*, 2017 IL App (2d) 170193, ¶ 18. Other than the above standard of review citation, the only other case defendant cites regarding a stay is *CHB Uptown Properties, LLC v. Financial Place Apartments, LLC*, 378 Ill. App. 3d 105, 107 (2007), which defendant cites for his conclusion that the circuit court's "refusal to enter a stay was an abuse of discretion." Defendant however provides no analysis of that authority, nor does he

14

explain how it supports his conclusion that the circuit court's refusal to grant a stay was an abuse of discretion.

¶ 34    A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises*, 2013 IL 115106, ¶ 56. A point not argued or supported by citation to relevant authority fails to satisfy the requirements of Supreme Court Rule 341(h)(7) (Ill. S.Ct. R. 341(h)(7) (eff. May 25, 2018); *Vancura v. Katris,* 238 Ill. 2d 352, 370 (2010) ("Both argument and citation to relevant authority are required. An issue that is merely listed or included in a vague allegation of error is not 'argued' and will not satisfy the requirements of the rule."). Failure to comply with the rule's requirements results in forfeiture. *Vancura,* 238 Ill. 2d at 369–70.

¶ 35    Forfeiture aside, defendant also presented no authority or argument before the circuit court regarding the standard to establish his entitlement to a stay. Accordingly, defendant, as the movant, failed to meet his burden in the trial court to establish justification for entering a stay. *CHB Uptown Properties, LLC*, 378 Ill. App. 3d at 109 ("The party seeking the stay has the burden of proving adequate justification for it."). Because defendant failed to satisfy his burden of justifying the issuance of a stay order, we cannot say the trial court's denial of his motion was arbitrary, "without the employment of conscientious judgment * * *, [exceeded] the bounds of reason [or] ignored recognized principles of law so that substantial prejudice resulted." *Estate of Bass,* 375 Ill. App. 3d at 67.

¶ 36    In sum, we reiterate that this matter is *only* before this court pursuant to defendant's Rule 307(a)(1) appeal from the circuit court's denial of defendant's requested stay, which " 'does not open the door to a general review of all orders entered by the trial court up to the date of the order that is appealed.' " *Kalbfleisch v. Columbia Community Unit School No. 4,* 396 Ill. App. 3d 1105,

1114 (2009) (quoting *Petition of Filippelli,* 207 Ill. App. 3d 813, 818 (1990)). The issue on appeal is not whether the court erred in its substantive ruling, but whether the denial of defendant's motion to stay was an abuse of discretion. Accordingly, the circuit court's decision on the merits regarding section 2-1117 was not appealable pursuant to Rule 307(a)(1), and we do not have jurisdiction to review defendant's contentions on this issue. See *Santella,* 393 Ill. App. 3d at 901. Additionally, defendant forfeited appellate review of the trial court's denial of the stay by failing to raise any relevant authority or argument on that issue, and, nonetheless, the denial of defendant's motion to stay was not an abuse of discretion where he failed to provide any relevant authority or argument before the circuit court to establish his entitlement to a stay. Accordingly, we affirm the court's denial of defendant's motion to stay.

¶ 37    Affirmed.