2022 IL App (1st) 220210
No. 1-22-0210
Opinion filed October 11, 2022

First Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JANE DOE and JULIE DOE, | ) | |
| | ) | |
| Plaintiffs-Appellees and Cross-Appellants, | ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 20 L 11493 |
| MICHAEL JOHNSTON and KELLY HALVERSON, | ) ) | |
| | ) | The Honorable |
| Defendants, | ) | Michael T. Mullen, |
| | ) | Judge, presiding. |
| (Kelly Halverson, | ) | |
| | ) | |
| Defendant-Appellant and Cross-Appellee). | ) ) | |
| | ) | |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Lavin and Justice Pucinski concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiffs Jane and Julie Doe filed a complaint alleging Michael Johnston and Kelly Halverson, a married couple, video recorded them undressed without their consent in defendants' home. (Plaintiffs' complaint incorrectly identifies defendant Kelly Halverson as Kelly Johnston. We refer to defendants as Halverson and Johnston.) Jane signed a criminal complaint against Johnston, who was charged with unauthorized video recording and pleaded

not guilty. Halverson has not been criminally charged and does not appear to be under criminal investigation currently.

¶ 2        Johnston and Halverson filed a motion to stay the civil case pending the outcome of the criminal proceedings to protect their fifth amendment rights against self-incrimination. See U.S. Const., amend. V. The trial court granted the motion as to Johnston but not Halverson and ordered her to answer the complaint. Halverson filed an interlocutory appeal arguing the trial court abused its discretion because proceeding with the case would threaten her fundamental constitutional right against self-incrimination and result in inefficient, piecemeal litigation of "inextricably intertwined" allegations against her and Johnston. We disagree and affirm. The trial court carefully considered each factor, including Halverson's fifth amendment rights and the impact on judicial resources, and did not abuse its discretion in denying a stay.

¶ 3                                                  Background

¶ 4        The plaintiffs' complaint alleges Johnston and Halverson hired Jane in December 2019 as a home manager, child caretaker, and personal assistant. In January 2020, Johnston and Halverson asked Jane to housesit while they went on a vacation. The couple invited Julie, Jane's roommate, to accompany Jane at their home. Jane and Julie allege that Halverson and Johnston invited them to use the house, including the bathroom and master bedroom, where they hid video cameras. When Jane and Julie housesat again in February 2020, Jane discovered a hidden video camera in a bathroom and multiple cameras in other rooms. Jane and Julie claim Johnston and Halverson acted in concert to obtain video footage of them unclothed without their knowledge and consent, and the footage now resides on servers of third-party companies.

¶ 5        Jane and Julie tried to mediate their claims with Halverson and Johnston. After that failed, they filed a complaint, which they later amended, alleging invasion of privacy (count I),

intentional infliction of emotional distress (count II), and sexual harassment in violation of the Illinois Human Rights Act (775 ILCS 5/1-101 *et seq.* (West 2020)) (count III). They also sought injunctive relief to prevent Johnston and Halverson from distributing the videos on the Internet or to third parties (count IV).

¶ 6        Jane also notified the police. As a result, Johnston was arrested and later charged with two counts of unauthorized recording. After Johnston's arrest, defendants' attorney presented a motion asking the trial court to stay the civil case to protect defendants' constitutional rights against self-incrimination and for judicial economy. Believing the plaintiffs did not object, the judge initially granted the motion. But, when plaintiffs filed a response to the stay motion later that day, the judge changed course, denied the motion as to both Johnston and Halverson, and ordered them to answer the complaint. The judge also transferred the case from the Law Division to the Chancery Division because the complaint included a claim for injunctive relief.

¶ 7        Johnston and Halverson then filed a motion to stay. After a hearing without a court reporter present, the judge entered an order granting the motion as to Johnston and denying it as to Halverson. The order stated that the court considered the factors set out in *Davies v. Pasamba*, 2014 IL App (1st) 133551, ¶ 52.

¶ 8        Halverson then filed a notice of interlocutory appeal, asking us to reverse and remand with instructions to grant her a stay until the resolution of the criminal case. Halverson complied with the trial court order and filed an answer to the amended complaint without invoking her fifth amendment privilege against self-incrimination. She also asked the trial court to stay its decision pending appeal.

¶ 9        The trial court held a hearing on Halverson's motion to stay, this time before a court reporter. The judge noted that he had re-reviewed the entire record and again considered the

factors in *Davies*. He explained that Halverson "was in a far different position" than Johnston. On the first factor, plaintiffs' interest in an expeditious resolution of the civil case and prejudice to them in not proceeding,

"There was no indication that [Halverson] was a target of a grand jury investigation, there was no indication that \*\*\* there was, in fact, a grand jury investigation or any investigation of any sort relative to [Halverson]. There was no indication that the State's Attorney was even contemplating charges against [Halverson]. There was no indication that she would be even called as a witness in [Johnston]'s case due to potential marital privileges. I was also informed that [Johnston] had not demanded a speedy trial. I made clear that the first factor that needed to be considered weighed in favor of the plaintiffs in light of [Halverson]'s non-charged status."

¶ 10 In terms of the second factor, "the interests of and burdens on the defendant," including implication of defendant's fifth amendment rights, "also weighed in favor of the plaintiffs as there were no criminal charges that were pending against [Halverson]." Next, convenience to the court and efficiency regarding judicial resources, though a closer call, "I made it clear that if there was any charge that was brought against [Halverson] at any time, I would consider and I would reconsider any decision that I had made as there would be a significant change in circumstances." In addition, "this case will not require \*\*\* an extensive amount of discovery as I see it \*\*\*. It will be subject to close monitoring by me as most if not all cases, are, certainly, this one will be on my radar screen. I will never tolerate abusive or unnecessary discovery."

¶ 11 Finally, as to the fourth and fifth factors involving interest of nonparties and the public, "There's not a continuing wrong that needs to be addressed, at least that's not how it's characterized. The public has both an interest in protecting constitutional rights and the

integrity of the criminal justice proceeding but also the public has a right in ensuring that there is a prompt resolution to civil proceedings."

¶ 12    In concluding, the trial court reiterated that having carefully considered the five factors and the parties' arguments,

"I granted the stay request as to [Johnston] but denied it as to [Halverson]. The present motion argues, re-argues essentially the prior request for a stay but it has a new wrinkle to it in the sense that it's suggesting that any stay of the appeal and any refusal to stay my decision would essentially moot out the appeal and that simply is—it's a syllogism, if you will, it is pure sophistry. *** [T]he motion, after having carefully reconsidered the arguments lead me to conclude that any prejudice to [Halverson] is remote and uncertain. *** After, again, carefully balancing each necessary factor I'm concluding there is not a likelihood of the defendants succeeding on appeal. The motion is denied."

¶ 13                                    Analysis

¶ 14    When criminal charges are pending against a party, courts may defer pending civil proceedings to protect the party from (i) making admissions or furnishing other proof of a crime, (ii) not being able to defend a civil suit regarding the same matter, (iii) abuse of discovery in the criminal matter, and (iv) otherwise prejudicing his or her criminal case. *People ex rel. Hartigan v. Kafka & Sons Building & Supply Co.*, 252 Ill. App. 3d 115, 119 (1993). In determining the propriety of a stay, courts, as here, turn to the five factors described in *Davies*, 2014 IL App (1st) 133551, ¶ 52 ((i) plaintiff's interest in proceeding expeditiously to resolve the civil case balanced against prejudice to plaintiff if delayed, (ii) interests of and burdens on defendant, including extent case implicates defendant's fifth amendment rights,

(iii) convenience to court in managing its docket and efficiently using judicial resources, (iv) interests of persons not parties to civil proceedings, and (v) interests of public in pending civil and criminal actions).

¶ 15    We will not disturb a decision on a stay absent an abuse of discretion. *Cholipski v. Bovis Lend Lease, Inc.*, 2014 IL App (1st) 132842, ¶ 39. The party seeking the stay must justify it by clear and convincing circumstances, outweighing potential harm to the party against whom the stay operates. *Davies*, 2014 IL App (1st) 133551, ¶ 36. Under the abuse of discretion standard, whether this court might have decided the issue differently is irrelevant. *In re Marriage of Samardzija*, 365 Ill. App. 3d 702, 708 (2006). A trial court abuses its discretion when its "ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view." *Bovay v. Sears, Roebuck & Co.*, 2013 IL App (1st) 120789, ¶ 26.

¶ 16    As an initial matter, we address plaintiffs' contention that because Halverson failed to present a complete record, namely, the report of proceedings from the motion to stay hearing, we must presume the trial court's reasoning was reasonable and not an abuse of discretion. Plaintiffs rely on Illinois Supreme Court Rule 323 (eff. July 1, 2017), addressing filing a report of proceedings, and *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984) ("Any doubts which may arise from the incompleteness of the record will be resolved against the appellant."). As noted, a court reporter was not present at the hearing on defendants' motion for a stay. Nor did defendants file a bystander's report under Illinois Supreme Court Rule 323(c) (eff. July 1, 2017). But, a court reporter attended the hearing on defendants' motion to stay pending appeal, and the judge explained in detail why he denied the motion for a stay. That report of proceedings provides a basis for us to determine whether the trial court abused its discretion.

¶ 17    Turning to the merits, Halverson contends that proceeding against her despite Johnston's indictment (i) unfairly burdens her fifth amendment rights against self-incrimination and (ii) is grossly inefficient because the allegations in plaintiffs' complaint against her and Johnston are inextricably intertwined. She also asserts a stay will not unduly burden the plaintiffs and that the public has an interest in ensuring protection of a defendant's fifth amendment rights. Finally, Halverson contends that the trial court abused its discretion when it weighed the relevant favors and decided against the stay. (Plaintiffs filed a notice of motion to cross-appeal in the trial court, presumably to challenge the decision to grant the stay as to Johnston, but their brief does not address that decision or did they file a brief on cross-appeal. So, we address the issues related only to Halverson.)

¶ 18                                        Fifth Amendment

¶ 19    The fifth amendment provides that "[n]o person *** shall be compelled in any criminal case to be a witness against himself." U.S. Const., amend. V. "The right against self-incrimination is one of the most fundamental rights under the Constitution of the United States." *CHB Uptown Properties, LLC v. Financial Place Apartments, LLC*, 378 Ill. App. 3d 105, 108 (2007). But "the fact that a party involved in a civil proceeding invokes his [or her] fifth amendment privilege against self-incrimination 'does not *** mandate a stay of [the] civil proceeding[ ] pending the outcome of similar or parallel criminal proceedings.' " *Cordeck Sales, Inc. v. Construction Systems, Inc.*, 382 Ill. App. 3d 334, 348-49 (2008) (quoting *Jacksonville Savings Bank v. Kovack*, 326 Ill. App. 3d 1131, 1135 (2002)). The party seeking the stay must justify it by clear and convincing circumstances, outweighing potential harm to the party against whom the stay operates. *Davies*, 2014 IL App (1st) 133551, ¶ 36.

¶ 20    In arguing for a stay, Halverson primarily relies on an unreported cases—a Texas federal district court case, *State Farm Lloyds v. Wood*, No. H-06-503, 2006 WL 3691115 (S.D. Tex. Dec. 12, 2006). In *State Farm Lloyds*, the plaintiff sued a wife and her former husband for alleged insurance fraud. The wife was indicted, but her former husband was not. During discovery in the civil case, the wife invoked the fifth amendment to several specific requests for production, requests for admission, and interrogatories. She moved to stay the civil case pending against her and her former husband until the resolution of the criminal case against her. *Id.* at *1. The plaintiff argued that, even if the wife obtained a stay, the case should proceed against her unindicted former husband. *Id.* at *2. The trial court disagreed, stating "[t]his approach raises more problems than it solves," including interfering with plaintiff's ability to adequately prepare the civil case due to the wife being a key figure in both cases, the closely intertwined issues and facts involving defendants, and allowing discovery as to the former husband would risk exposing the wife's criminal defense strategy to the government. *Id.*

¶ 21    Although factually relatable, *State Farm Lloyds* involves consequential distinctions. For example, the criminal trial had been scheduled. Further, since Johnston and Halverson are married, as the trial court noted, that Halverson will be called as a witness in the criminal trial is doubtful due to the marital privilege. Regardless, holdings of federal district courts have no precedential or binding effect on this court. *County of Du Page v. Lake Street Spa, Inc.*, 395 Ill. App. 3d 110, 122 (2009). Simply because a trial court entered a stay under the unique facts before it does not suggest abuse of discretion under the facts here.

¶ 22    Halverson also cites *Ambrose v. Backpage.com, L.L.C.*, 2019 IL App (1st) 190619-U. We cannot consider *Ambrose*, a 2019 unpublished decision, as precedential authority. See. Ill. S. Ct. R. 23(e)(1) (eff. Jan. 1, 2021) (providing unpublished Rule 23 order is not precedential

except to support contentions of double jeopardy, *res judicata*, collateral estoppel, or law of the case).

¶ 23    The primary case on which plaintiffs rely is *Kovack*, 326 Ill. App. 3d 1131. In *Kovack*, the plaintiff bank filed a complaint against its employee, Kovack, alleging he illegally diverted bank funds. *Id.* at 1132-33. Kovack, who had not been charged but was under criminal investigation, filed a motion to stay the civil case. He also filed an affidavit from his attorney averring that based on conversations with an assistant United States attorney, he believed criminal charges would be filed and that Kovack intended to invoke his fifth amendment right against self-incrimination in the civil case. In opposing the motion, the bank argued, in part, that federal authorities had not filed charges against Kovack, nor had Kovack claimed charges were pending, and Kovack might dissipate assets, making it impossible for the bank to recover. *Id.* at 1133.

¶ 24    The trial court denied the motion, noting the lack of criminal charges and that Kovack had yet to assert his fifth amendment right. *Id.* at 1133-34. The appellate court affirmed, " 'Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the [f]ifth [a]mendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the [f]ifth [a]mendment in a civil proceeding.' " *Id.* at 1135 (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995)).

¶ 25    The court acknowledged that a defendant's fifth amendment rights are a "significant factor" in deciding whether to grant a stay, but " 'it is only one consideration to be weighed against others.' " *Id.* at 1136 (quoting *Keating*, 45 F.3d at 326). The court concluded that the other factors—the bank's interests, the convenience to the trial court, and public and private

interests weighed in denying the stay. *Id.* at 1137. Moreover, even if Kovack invoked his fifth amendment privilege, this would not prevent him from "presenting a vigorous defense through cross-examination and other means available to him." *Id.*

¶ 26    As plaintiffs argues, the reasons for denying a stay here exceed those in *Kovack*, where a criminal investigation of the defendant was underway and indictment likely. Here, no criminal charges have been brought against Halverson, nor does the record indicate immediateness. Further, like the defendant in *Kovack*, Halverson has yet to invoke her rights against self-incrimination; she answered the complaint without raising the fifth amendment. And, if Halverson does invoke her fifth amendment rights, like the defendant in *Kovack*, she still can present a "vigorous defense through cross-examination and other means." *Id.* Finally, the trial court can reassess the stay issue should Halverson be charged with a crime.

¶ 27    We agree with the trial court that Halverson's noncharged status weighs against a stay.

¶ 28    But, as the *Kovack* court noted, the fifth amendment "is only one consideration to be weighed against others." (Internal quotation marks omitted.) *Id.* at 1136; see also *Universal Metro Asian Services Ass'n v. Mahmood*, 2021 IL App (1st) 200584, ¶ 33. Thus, we assess whether the trial court abused its discretion in taking stock of the remaining factors.

¶ 29                              Judicial Efficiency

¶ 30    The trial court acknowledged the judicial efficiency factor as a "closer call." The court concluded the case "will not require *** an extensive amount of discovery" and will be closely monitored to, among other things, prevent "abusive or unnecessary discovery." Plus, the court possessed vast discretion in managing the docket. *Bank of America, N.A. v. Land*, 2013 IL App (5th) 120283, ¶ 24. Given this deference, denying the stay would not compromise judicial economy.

¶ 31                              Plaintiffs' Interests

¶ 32         The plaintiffs have an interest in seeking civil remedies. They seek monetary and injunctive relief. As to the former, a stay will delay resolving their claims and securing compensation. As to the latter, the complaint seeks "a permanent injunction barring [the defendants] from distributing footage of Jane and Julie to the internet or to other third parties," which constitutes a significant interest. The defendants contend they do not possess videos of the plaintiffs. Yet, as the plaintiffs assert, in the absence of discovery, plaintiffs cannot find out what happened to videos defendants may have made and their location. And we agree with plaintiffs that they should not be penalized because they complain of facts that involve illegal conduct.

¶ 33         Further, unlike *State Farm Lloyds*, where the criminal trial date had been set, nothing indicates Johnston's criminal trial will be completed expeditiously. Potential witnesses may become unavailable for numerous reasons, memories may fade, and documents held by third parties may be lost. So, the trial court's finding that this factor weighed against a stay for Halverson, who has not been charged with a crime, was not an abuse of discretion.

¶ 34                          Public and Private Interests

¶ 35         As the trial court noted, the public has an interest in protecting constitutional rights and ensuring the integrity of the criminal justice process. *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008) (citing *Jones v. City of Indianapolis*, 216 F.R.D. 440, 452 (S.D. Ind. 2003)). The public also has an interest in the prompt disposition of civil litigation, which a stay impairs. *Id.* at 946-47.

¶ 36         As for private interests, although the trial court found "no continuing wrong," the complaint seeks injunctive relief because the plaintiffs "reasonably believe the [defendants] will engage

in similar conduct in the future." This suggests nonparties would have an interest in the case proceeding against Halverson.

¶ 37    Still, based on the competing public interests that arise when criminal and civil cases arise at the same time, this factor favors neither party.

¶ 38                                Balancing the Interests

¶ 39    The trial court's thorough analysis of the five factors from *Davies*, 2014 IL App (1st) 133551, ¶ 52, demonstrates a proper exercise of discretion in denying the stay. Moreover, should Halverson be charged with a crime, the trial court indicated it would revisit should a Halverson face criminal charges.

¶ 40    Affirmed.

---

*Doe v. Johnston*, 2022 IL App (1st) 220210

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20-L-11493; the Hon. Michael T. Mullen, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Michael J. Grant, of Tabet DiVito & Rothstein LLC, of Chicago, and Ronald G. DeWaard, Gary J. Mouw, and Regan A. Gibson, of Varnum LLP, of Grand Rapids, Michigan, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Gail Eisenberg and Alexander N. Loftus, of Loftus & Eisenberg, Ltd., of Chicago, for appellees. |

---